GLENDENNING, McLEISH & Co. (INC.) *v.* UNITED STATES
(No. 2630) [1]

REMISSION OF ADDITIONAL DUTIES "SATISFACTORY EVIDENCE."

Section 489, Tariff Act of 1922, puts upon a petitioner for the remission of additional duties imposed for undervaluation the burden of proving by "satisfactory evidence" that he had no fraudulent intent. This does not mean proof beyond a reasonable doubt. Where it was shown that the goods were entered according to a price list in general use by importers and examiners before and about the time of entry, with nothing to arouse suspicion that the price might not be correct, the requirement of *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls. 301, T. D. 41220—"Proof of the circumstances and conditions, and a full and candid explanation thereof"—was met, and the petition should have been granted.

United States Court of Customs Appeals, January 18, 1926

APPEAL from Board of United States General Appraisers, Abstract 49543

[Reversed.]

*Brooks & Brooks* (*Frederick W. Brooks, jr.*, of counsel) for appellant.
*William W. Hoppin*, Assistant Attorney General (*John G. Lerch* and *Margaret M. Burnett*, special attorneys, of counsel), for the United States.

----

[1] T. D. 41320.

[Oral argument December 10, 1925, by Mr. Brooks, jr., and Mr. Lerch]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

A petition for remission of additional duties was filed by appellant, under section 489 of the Tariff Act of 1922. The goods, six cases of miscellaneous linens, were purchased by the importer in Belfast, Ireland, December 3, 1923. They were shipped March 22, and entered at New York April 3, 1924. On entry, the importer made certain additions to the various items on the invoice, to make market value. Thereafter, the appraiser made further additions to seven items in the invoice. The appellant seeks a remission of the additional duties imposed, following this advance by the appraiser.

Mr. Alexander C. Ritchie, representing the importer, testified. He stated, in brief, that he had supervised the making of the entry involved here, and that, in directing its making, he had been in consultation with Mr. McCaughey, secretary and treasurer of appellant. That a combine at Belfast issued from time to time price lists on merchandise such as is imported here, which lists the appellant had always used as the bases of values in making its entries, if, on inspecting such lists, "it looks like the market value." That there had been only one instance in which the importer had not followed the prices fixed in this list, but such list was generally accepted by the importers as the "fair market value" of the goods. This witness also testified that it was the practice of the examiner at the port, Mr. Tracy, to accept these price lists as the bases for examination, and who, in fact, issued them himself to importers when he received them from exporters; that it had been importer's practice to keep "in touch" with the examiner in these matters. Importer also testified that he received, on February 20, 1924, such a price list which had been forwarded to him by the exporter, and was dated February 5, 1924, and that he followed this list in making his invoice corrections to make market value in the case at bar, having, at the time, no other knowledge of the market value than that given on the list so used by him. The witness also stated that on March 11, 1924, he had consulted with the examiner about a shipment of similar goods which had left Belfast on February 28 previous; that at that time, after consulting the examiner, he used the price list in question in entering these goods, and, not thinking it necessary to again consult the examiner, had used the same list on the later entry of April 3, in question here.

No further evidence of any kind was offered.

On this record, the court below denied the petition and importer appeals.

The invoice in this case is composed of many items. The advances made by the appraiser, as we have noted, were upon seven items only, and these advances were small.

Under ordinary circumstances, we are not disposed to disturb the judgment of the Board of General Appraisers in proceedings for remission under section 489, where the evidence is conflicting or doubtful. There is, however, in this case, no dispute as to the facts. The only question is whether, under the facts disclosed, the board should have remitted the additional duties imposed. If the finding of the board is clearly contrary to the weight of the evidence, it is our duty to reverse it. *Fish* v. *United States*, 12 Ct. Cust. Appls. 307.

We have had occasion in several instances to review the judgments of the Board of General Appraisers in remission cases since the approval of the Tariff Act of 1922. Each case has presented a state of facts peculiar to itself and it has, therefore, been necessary to dispose of each according to the ultimate conclusion arrived at after a consideration of them. To announce general principles applicable to all such cases is difficult and in some respects impossible. But we have said that the issue principally involved in such cases is the good faith and intentions of the importer. *United States* v. *American Metal Co.*, 12 Ct. Cust. Appls. 440. If an importer has no information and knows of nothing which would raise a doubt in the mind of a reasonable and prudent man as to the correctness of the market value of purchased goods as stated by him, then the price paid for them in the ordinary course of business may be accepted by him as their true market value. *Lee & Co.* v. *United States*, 13 Ct. Cust. Appls. 269, T. D. 41205. If, however, he represents his goods to have a certain value and has at the time no reasonable grounds for believing his statements to be true, or if his representations are made with reckless disregard of their truthfulness, or if there are circumstances which would put a reasonable and prudent man on inquiry, and he makes no such inquiry, then the importer has not sustained the burden placed upon him by the statute. *Finsilver, Still & Moss* v. *United States*, 13 Ct. Cust. Appls. 332, T. D. 41250.

In the case before us there were no circumstances shown which would put a reasonable and prudent man upon inquiry as to the reliability of the price list used by the importer in making his entry. He proved that not only he, but the examiner as well, for a considerable period had been relying upon these price lists, and that importer, on all occasions but one, had used them. The examiner had been issuing them to the public, and on a shipment of similar material received about 20 days previously, had approved and used the

identical price list used in the case at bar.   If violent fluctuations in the market were occurring at the time, known to the importer, or if some other circumstances were shown which would seem to require inquiry by the importer, a different conclusion might be arrived at. But we must conclude from the record before us that the importer has shown that in entering his goods as he did he was acting in good faith and that the additional duties imposed upon his goods should have been remitted.   *Klein, Messner Co.* v. *United States*, 13 Ct. Cust. Appls. 273,  T. D. 41212.

But it is argued by the Government that a remission can not be ordered except upon satisfactory evidence and that satisfactory evidence is evidence that convinces the mind beyond a reasonable doubt.   We are aware that courts have in some instances attached such a meaning to the term "satisfactory evidence."   We have not, however, followed these holdings in remission cases.   In *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls. 301, T. D. 41220, we thus defined "satisfactory evidence":

Proof of the circumstances and conditions, and a full and candid explanation thereof is required.   Anything less than that is not sufficient.

To the same effect are *Hauptman* v. *United States*, 13 Ct. Cust. Appls. 295, T. D. 41218, and *Finsilver, Still & Moss* v. *United States, supra.*   We are of the opinion that the evidence offered in this case came within the scope of the interpretation which we have heretofore given to the term "satisfactory evidence."

For the reasons we have suggested we think the judgment below should be, and the same is hereby, *reversed.*