## VIETOR & ACHELIS *v.* UNITED STATES (No. 2676) [1]

REMISSION OF ADDITIONAL DUTY—EVIDENCE.

The purchase price of goods is some evidence of their market value; and importer may rely on it as to promptly shipped merchandise, in the absence of any fact or circumstance which would put a reasonably prudent business man on inquiry. If, however, there be such fact or circumstance, it becomes the importer's duty to make inquiry. If he enters goods at a value which he has no reasonable ground to believe correct or which is stated in reckless disregard of the truth or when there are facts and circumstances which would put a reasonably prudent business man on inquiry as to its correctness without making such inquiry, then he represents as true that which he has no good reason to believe to be true. If that representation be false he is legally chargeable with a misrepresentation of fact which precludes the granting of his petition under section 489, Tariff Act of 1922, for remission of additional duty imposed for undervaluation in entry. Goods were bought in Germany in September, 1923, and shipped in April, 1924. The invoice was submitted to the examiner, who reported that he did not know whether or not the prices were correct, and had no reason to believe that they were incorrect. Previous shipments of similar goods had been appraised at no higher value. The purchaser made no inquiry as to market value during the seven and a fraction months intervening between purchase and entry. He was charged with knowledge that, due to the fluctuation of German currency, the invoice price was not a fair index of market value; and the entry at such price was inexcusable.

------

[1] T. D. 41529.

United States Court of Customs Appeals, April 17, 1926

APPEAL from Board of United States General Appraisers, Abstract 50209

[Affirmed.]

B. A. Levett for appellant.
Charles D. Lawrence, Assistant Attorney General (John F. Kavanagh, special attorney, of counsel), for the United States.

[Oral argument March 16, 1926, by Mr. Levett and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

About the first week of September, 1923, Alexander Aird purchased in Delmenhorst, Germany, 3,234.9 square yards of linoleum for which he paid 62 cents a square yard in American money, and 331.1 square yards of linoleum for which he paid 67 cents a square yard in American money. The goods were shipped to the United States on the 19th of April, 1924, nearly 7½ months after the purchases were made.

When the shipment arrived at Boston, Mass., Aird instructed his broker to submit the invoice to the examiner before making entry. In accordance with instructions, the broker submitted the invoice to the examiner, and was informed by the examiner that the examiner had no reason to believe that the invoice prices were not correct and that he could not say that they were correct. The broker thereupon entered the merchandise at the invoice prices. The purchaser of the goods, between the date of purchase and the date of shipment, made no inquiry as to their market value, and, by his broker, entered the goods at their purchase prices, on the assumption that those were their market values. The importer, broker, and purchaser had no basis for that assumption other than the fact that previous shipments of similar goods had been appraised at no higher value, and the fact that the purchaser had not been notified of any advance by the seller of the merchandise.

The linoleum entered at 62 cents per square yard was appraised at $1.0148 a square yard, plus packing and less 13½ per centum. The linoleum entered at 67 cents per square yard was appraised at $1.154 per square yard, plus packing, less 13½ per centum. From that appraisement an appeal was taken to reappraisement. The appraised values were affirmed by the general appraiser on November 25, 1924, and from his judgment no further appeal was taken.

On the 22d of December, 1924, the appellants filed the petition with the Board of General Appraisers provided for in paragraph 489 of the Tariff Act of 1922, and prayed that the board make a finding that the entry of the merchandise at a less value than that returned upon final appraisement was without intention to deceive the appraiser or to defraud the revenue of the United States. The board denied the petition and the importer appealed.

The purchase price of goods is some evidence of their market value, and importer may rely on the price paid by him as the market value of promptly shipped merchandise in the absence of any fact or circumstance which would put a reasonably prudent business man upon inquiry as to whether the price actually paid was not less than the market value. *Lee & Co.* v. *United States,* 13 Ct. Cust. Appls. 269, T. D. 41205; *Stone & Downer Co.* v. *United States,* 13 Ct. Cust. Appls. 337, T. D. 41251; *Union Food Products Co.* v. *United States,* 13 Ct. Cust. Appls. 343, T. D. 41253; *Glendenning, McLeish & Co.* v. *United States,* 13 Ct. Cust. Appls. 387, T. D. 41320. If, however, there be any fact or circumstance which would raise a reasonable doubt in the mind of a prudent business man as to the true market value of purchased goods, the duty is imposed on importer to resolve that doubt by taking the steps and making the inquiries to which resort is usually had for the purpose of ascertaining market value as defined by the statute. When an importer enters goods at a value the correctness of which he has no reasonable ground to believe, or when he states a value in reckless disregard of the truth, or when there are facts and circumstances which would put a reasonably prudent business man on inquiry as to whether the invoice value was not less than the foreign or export value of the goods in the principal markets of the country of exportation and he makes entry without such inquiry, then he represents as true that which he has no good reason to believe to be true. If that representation be false, he is legally chargeable with a misrepresentation of fact which precludes the relief accorded by section 489, Tariff Act of 1922. *Union Pacific* v. *Barnes,* 64 Fed. 80, 83; *Hindman* v. *First National Bank,* 112 Fed. 931, 934; *Glendenning, McLeish & Co.* v. *United States,* 13 Ct. Cust. Appls. 387, T. D. 41320.

The goods in this case were purchased in Germany and the purchaser was charged with knowledge that, due to the gold value of the paper currency of Germany, he could not rely on prices paid by him in September, 1923, as the market value of goods shipped on April 19, 1924. Nevertheless, he, having the means of ascertaining whether or not the goods had advanced in value on the date of shipment, entered them at their purchase price without making the inquiries which, as a reasonably prudent business man, he should have made. On the authority of the cases cited, we must therefore hold that the petition for the finding contemplated by section 489 was properly denied.

The judgment of the Board of General Appraisers must be *affirmed.*