## UNITED STATES *v.* SABIN (No. 2682)[1]

1. REMISSION—EVIDENCE, ADMISSIBILITY—PRICE LISTS.

Price lists, proven competent, showing that the prices at which goods are offered in the market to all purchasers are not greater than the entered values, arc material and relevant evidence tending to establish good faith on the trial of a petition for remission of additional duty for undervaluation under section 489, Tariff Act of 1922.

2. PETITION FOR REMISSION—VERIFICATION NUNC PRO TUNC.

It was within the discretion of the board to permit a petition for remission of additional duty imposed for undervaluation under section 489, Tariff Act of 1922, to be amended at the hearing by verifying it.

3. REMISSION—SUFFICIENCY OF EVIDENCE.

Goods were bought in Cuba September 2, and entered September 25 at the purchase price. Entrant testified that he had acted in good faith, that the appraiser had passed similar goods at the same prices for a long time immediately preceding entry, and offered in evidence price lists confirming the entry value. In the absence of any fact or circumstance which would put a reasonably prudent business man on inquiry as to the market value of his goods, importers have a right to rely on the purchase price, and petition for remission of additional duty for undervaluation under section 489, Tariff Act of 1922, should have been granted.

### United States Court of Customs Appeals, May 1, 1926

Appeal from Board of United States General Appraisers, Abstract 50212

[Affirmed.]

*Charles D. Lawrence,* Assistant Attorney General (*Oscar Igstaedter,* special attorney, of counsel), for the United States.

No appearance for appellee.

[Oral argument April 1, 1926, by Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges ·

SMITH, Judge, delivered the opinion of the court:

Clemente Sabin, the importer, on his way to Spain, purchased in Havana, Cuba, from Solo Armado & Co., 318 cases of guava paste, guava cream, orange paste, guava jelly, preserves, and chocolate, for which, including containers, Cuban tax, and cost of consular invoice, he paid the sum of $3,600.06, less 2 per centum for cash and consul's fee. The goods were purchased on the 2d of September, 1924, and exported on September 23, 1924.

The private or commercial invoice was received by Juan Mauriz, who was in charge of Sabin's business during his absence in Spain. Mauriz delivered the private invoice to Sabin's customs broker who, on September 25, 1924, entered the goods at the invoice price of $3,600.06, less 2 per centum for cash and less $2.50 for the consular invoice, or a net entered of value $3,530.56. The several items in the invoice were appraised at their unit value and at a total value for the whole consignment of $4,221.66.

[1] T. D. 41581.

On November 21, 1924, Clemente Sabin, by Juan Mauriz, his attorney in fact, filed a petition with the board praying for the remission of the additional duties to which the goods were subject by reason of the fact that they were appraised at a higher value than their entered value. The petition came on for hearing before General Appraiser Sullivan, who, subject to the approval of the board, allowed the importer to amend his petition by verifying it over the objection and exception of the Government. The Board of General Appraisers granted the petition and the Government appealed.

The facts in the case, as hereinbefore recited, were established without contradiction by competent evidence. On the hearing, the private commercial invoice was received in evidence, and, from that invoice, it appeared that the gross sum paid for the goods was $3,600.06, from which was deducted 2 per centum for cash and $2.50 costs for the consular invoice, which left $3,530.56 as the value at which the goods were entered. The draft which was used to pay for the goods was also received in evidence and was for the sum of $3,530.56. The customs broker testified that, at the time of the entry, the consular invoice had not been received and that he had to give a bond for its production; that, due to the absence of the consular invoice, he made entry on the private invoice, which conformed to the consular invoice as to the price paid; that, in making the entry in accordance with the prices stated in the private invoice, he had no intention to defraud the revenue of the United States or "to act in bad faith in any way." That he thought the price paid for the goods was the market price on the 23d of September, 1924, and believed that it was the market price of the goods on that date; that between September, 1923, and September, 1924, discounts of 10 and 5 per centum from the list price of similar goods had been disallowed by the appraiser, but that in such cases the appraiser did not change the unit values stated in invoices and entries. As further evidence in support of his petition, Clemente Sabin offered in evidence lists showing the prices for which identical goods could be bought in the city of Havana, Cuba, on September 23, 1924. On the objection of the Government, however, the price lists were excluded by the general appraiser, on the ground that they were not evidence of good faith. The Government offered no evidence whatever and made no attempt to show that any discounts constituting part of market value had been deducted from the invoice prices of the importation. Indeed, it does not appear either from the invoice or evidence that any discounts whatever were deducted by the importer or allowed by the seller. There is absolutely nothing in the record which would warrant even a reasonable inference that there was any intention on the part of the importer to defraud the revenue of the United States or to conceal or misrepresent the facts in the case or to deceive the appraiser as to the

value of the merchandise. In fact, it affirmatively appears that he entered the goods at the price which he actually paid for them and that the goods were promptly shipped after purchase.

We disagree with the general appraiser's ruling that price lists are not evidence of good faith if their competency be properly proven. See *Glendenning, McLeish & Co. (Inc.)* v. *United States,* 13 Ct. Cust. Appls. 387, T. D. 41320. If it be established that such price lists set out the prices at which goods are offered in the market to all purchasers and that such prices are not greater than the entered value, they are material and relevant evidence tending to establish good faith and lack of intent to deceive on the part of the importer. There was no unreasonable delay in shipping the goods after purchase and we find nothing in the record which would justify us in concluding that the market was fluctuating or that the importer was put upon inquiry or notice that the purchase price of his goods was less than their market value. In the absence of any fact or circumstance which would put a reasonably prudent business man on inquiry as to the market value of his goods, importers have a right to rely on the purchase price paid by them as the market value of their importations. *Lee & Co.* v. *United States,* 13 Ct. Cust. Appls. 269, T. D. 41320; *Linen Thread Co.* v. *United States,* 13 Ct. Cust. Appls. 395, T. D. 41322; *Vietor & Achelis* v. *United States,* 14 Ct. Cust. Appls. 13, T. D. 41529.

Whether or not the importer should be permitted to amend his petition by verifying it at the hearing was a matter which appealed to the sound discretion of the board. The importer was allowed to verify his petition by the general appraiser assigned to take the evidence on the issues raised by the petition. The board did not reverse that ruling and in effect approved it, inasmuch as the petition was determined on the merits. There is nothing in the record which would warrant us in saying that permission to amend the petition by verifying it after filing was an unreasonable exercise of discretion and there was therefore no error in allowing the amendment. See *United States* v. *Bracher & Co. et al.,* 13 Ct. Cust. Appls. 432, T. D. 41344.

We think the conclusion reached by the board was correct and its judgment is therefore *affirmed.*