MAY CO. ET AL. *v.* UNITED STATES (No. 3194)[1]

[1] T. D. 43644.

United States Court of Customs and Patent Appeals, October 28, 1929

*Barnes, McKenna & Halstead* (*Mary Rehan* and *Samuel M. Richardson* of counsel) for appellants.

*Charles D. Lawrence*, Assistant Attorney General (*Thomas J. Canty*, special attorney, of counsel), for the United States.

[Oral argument October 14, 1929, by Mr. Richardson and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Seven importations of silk velvet at the port of Cleveland, Ohio, in July and August, 1925, exported from Germany, were appraised by the local appraiser on the basis of foreign value. The importers appealed to reappraisement, claiming that there was no foreign value, but that the export value was the entered value. On the hearing before the single justice one witness was called, who testified that the importers paid the invoice price for the goods in Germany. In addition, the affidavit of one Arthur Neitzer, superintendent of the mill of Ling & Duhr, the exporter, was introduced, which affidavit states the following:

He further declares that the *qualities SM and* 2256 sold in the year 1925 to the May Department Stores Company, Cleveland and invoiced on *July 6th, July 24th, August 1st* and *August 21st*, 1925 shipped in *cases Nro.* 4140/4, 4140/6, 4140/7, 4140/8, 4140/9, 4140/10, 4140/11, 4140/12, 4140/13, and 4140/14 represent qualities which were not allowed to be sold in the German market and were specially made for the U. S. A. of America. The prices of same if calculated on net combine calculation basis would be as follows:

Quality SM GMk. 2.52 p. m. cr à 91—GMk. 2.30 p. Yd. à 238 $.55 p. Yd.
Quality 2256 GMk. 5.97 p. M. vr. à 914—GMk. 5.45 p. Yd. à 238 $—.

As stated above alike qualities were not sold in the German —

The Government offered in evidence the affidavit of Michael J. Hart, an examiner at the port of New York, dated May 28, 1926, together with the report of consular agent Sigmund Neustadt, made to the Treasury Department November 23, 1925. In the affidavit the affiant stated he had compared qualities SM imported here and SA mentioned in the Neustadt report and that they were the same. The Neustadt report seems to indicate that the said quality SA is sold in Germany, and prices thereof are given. Hart also states in his affidavit that he has inspected a price list accompanying the Neustadt report, and, based entirely upon that examination, purports to give the home market in Germany of certain other qualities, to wit: 2136, 2143, and 2146. There was no other evidence in the case.

Justice Waite, and thereafter upon rehearing, Justice Weller, appraised the goods at the entered value. On review, the Customs Court, with Justice Brown dissenting, reversed the judgment of appraisement and found that the foreign values, as found by the local appraiser, were the dutiable values. From the resulting judgment the importer has appealed.

If there be any substantial evidence in the record, sustaining the finding of foreign value as made by the Customs Court, such finding will not be disturbed. *United States* v. *Vietor & Achelis*, 16 Ct. Cust. Appls. 122, T. D. 42767; *Happel & McAvoy* v. *United States*, 16 Ct. Cust. Appls. 161, T. D. 42791. Whether a foreign or any other value has been established must affirmatively appear from the record; no presumption of the correctness of the appraiser's action obtains on the trial before the single justice. *Johnson Co.* v. *United States*, 13 Ct. Cust. Appls. 373, T. D. 41318; *Happel & McAvoy* v. *United States*, *supra*.

The record in this case, as is unfortunately true in many reappraisement appeals which come to this court, is very imperfect. Little evidence worthy of the name was offered here, and from this the single justice and the Customs Court were expected to ascertain whether there was a foreign or an export value, and if either, what such value was. Much aid would be given to the courts, and much good accomplished, if the single justice sitting in reappraisement would in all cases require the parties to make full proof of all elements of value, by satisfactory and competent evidence, on penalty of dismissal if any element of such proof is lacking. This course of procedure was clearly indicated by us in *United States* v. *Vandegrift*, 16 Ct. Cust. Appls. 398, T. D. 43120.

The invoices show that four qualities of goods were imported— namely, SM, 2136, 2146, and 2256. The affidavit of Neitzer recites that the qualities SM and 2256 are not allowed to be sold in the German market. Opposed to this is the affidavit of Hart and the report of Neustadt. Hart swears that the quality SM imported here is the

same as quality SA named in Neustadt's report. Neustadt's report fairly shows that quality SA was sold in the German market and the prices are given. The balance of Hart's affidavit, in which he attempts to give foreign value from consultation of the price list attached to Neustadt's report, has no evidentiary value. We have examined the price list sent by Neustadt with his report. It is shown by the report to be the general price list of Ling & Duhr for 1925, the year in which the importations herein occurred. Prices are therein quoted for Germany and for various foreign countries. Qualities SM, SA, 2136, and 2146 are named and the German prices given. Quality 2256 is not named.

The report of consular agent Neustadt and the price list accompanying it were competent evidence, under the statute and under the rule announced in *Downing & Co.* v. *United States*, 16 Ct. Cust. Appls. 293–299, T. D. 42873. Speaking of a similar report in that case, we said, in part:

The reports of consular or customs representatives in foreign countries must, necessarily, largely violate the ordinary rule against hearsay evidence. But this does not make them inadmissible. If they are relevant, they are admissible. *United States* v. *Cabrera Bros.*, 13 Ct. Cust. Appls. 82, T. D. 40936. The weight to be given to such items of evidence is a matter exclusively for the trial court, and this court will not attempt, upon appeal to it, to interfere with the free exercise of such discretionary power. If, in any case, the Customs Court should render its judgment upon evidence which, as a matter of law we might say was not substantial, it would not only be the function, but also the duty of this court to correct such error.

But no such difficulty confronts us here. The report hereinbefore referred to shows that the identical goods here imported were on or about the date of exportation bought and sold in the usual wholesale quantities in Japan for domestic use and that these representatives had inspected the books of Japanese merchants and verified such facts. These facts are relevant and constitute, in our opinion, substantial evidence in support of the judgment of the court below wherein a foreign value is held to be established.

We held price lists to be competent evidence in *United States* v. *Sabin*, 14 Ct. Cust. Appls. 76, T. D. 41581, and *Glendenning, McLeish & Co.* v. *United States*, 13 Ct. Cust. Appls. 387, T. D. 41320. They are made so expressly by the statute. Section 501, Tariff Act of 1922.

It was the duty and province of the first division of the Customs Court, sitting in reappraisement review, to pass upon the appraisement made by the single justice and to determine whether such appraisement was made in accordance with the weight of the evidence. *United States* v. *Iwai & Co.*, 16 Ct. Cust. Appls. 542, T. D. 43265; *Downing & Co.* v. *United States*, 15 Ct. Cust. Appls. 235, T. D. 42243. The court, after weighing such testimony, determined that the weight of the testimony was not as found by the single justice and reversed his appraisement as to all items, finding that the weight of the testi-

mony established the appraised values, or prices shown by said price list, to be the foreign and dutiable values.

There is substantial evidence in the record, as above noted, to sustain this judgment as to qualities SM, 2136, and 2146 in all seven entries involved. There is no such evidence to sustain the finding as to quality 2256. The only evidence in the record as to this quality is the affidavit of Neitzer, which shows that it has an export, but no foreign value, and that this value is the entered value.

The judgment of the Customs Court is therefore *affirmed* as to qualities SM, 2136, and 2146 and *reversed* as to quality 2256, and the cause is remanded to the Customs Court with directions to take further proceedings in conformity herewith.