AMERICAN FINANCE & COMMERCE CO. v. UNITED STATES (No. 3212)[1]

United States Court of Customs and Patent Appeals, January 13, 1930

*Frank L. Lawrence* (*Martin T. Baldwin* of counsel) for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*Reuben Wilson* and *James R. Ryan*, special attorneys, of counsel), for the United States.

[Oral argument December 11, 1929, by Mr. Baldwin and Mr. Ryan]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal by the importer from a judgment of the United States Customs Court denying appellant's petition for remission of additional duties, filed under section 489 of the Tariff Act of 1922.

It appears that 500 cases of canned crab meat were shipped from Yokohama, Japan, on January 20, 1927, upon a cable order given by appellant in the regular course of business and accepted by the Japanese seller on January 14, 1927. The merchandise arrived at San Francisco on February 9, 1927, and was entered by appellant at its invoice value, viz, 250 cases at $19.50 per case, and 250 cases at $19 per case, this being the price actually paid by appellant for the merchandise. The merchandise was delivered to the steamer at Yokohama for shipment on January 19, which is the date of the invoice, and the steamer departed for the United States on the next day, January 20. The merchandise was subsequently appraised at an increase of about 8 per centum over the entered invoice price. Appeal was taken for reappraisement. The testimony shows that appellant was going out of business, and the appeal was not pressed. The appraised value was therefore affirmed without contest. Thereafter the additional duties prescribed by section 489 in such cases were assessed, and paid by appellant.

The testimony shows that appellant lost money upon the shipment in question, and that it bought the merchandise upon a falling market.

The court below and counsel for both appellant and the Government seem to have had a misapprehension of a very material fact in the case. Appellant's witness testified upon the trial that the order for the merchandise was given by appellant the middle of January, and that the goods were shipped from Japan on the 9th of February. The decision of the lower court states that shipment of the merchandise was made about *three weeks* after the order was placed. The briefs of both appellant and the Government assume that this was the fact. However, it developed in the oral argument of the case before us that an error had occurred, and the fact is that the order was placed on January 14, the merchandise was shipped on January 20, and it arrived in San Francisco on February 9. The error apparently arose in mistaking the date of arrival of the merchandise in San Francisco for the date of its shipment from Japan.

Five days only having elapsed between the acceptance of the order and the placing of the merchandise on board the steamer for shipment, and the order being given by exchange of cables in the ordinary course of trade, and upon a falling market, we must hold that there was no lack of diligence upon the part of appellant and it had the right to assume that there had been no increase in the market value of the merchandise in the few days between January 14 and 20.

In the case of *Vietor & Achelis* v. *United States*, 14 Ct. Cust. Appls. 13, T. D. 41529, this court said:

The purchase price of goods is some evidence of their market value, and importer may rely on the price paid by him as the market value of promptly shipped merchandise in the absence of any fact or circumstance which would put a reasonably prudent business man upon inquiry as to whether the price actually paid was not less than the market value. *Lee & Co.* v. *United States*, 13 Ct. Cust. Appls. 269, T. D. 41205; *Stone & Downer Co.* v. *United States*, 13 Ct. Cust. Appls. 337, T. D. 41251; *Union Food Products Co.* v. *United States*, 13 Ct. Cust. Appls. 343, T. D. 41253; *Glendenning, McLeish & Co.* v. *United States*, 13 Ct. Cust. Appls. 387, T. D. 41320.

Adolph Schumann was a witness for appellant. He testified that at the time of the transaction here in question he was the assistant manager of appellant in charge of its importations; that he personally placed the order by cable for the merchandise involved herein, in the ordinary course of trade; that he was familiar with the market value of the merchandise in Japan and knew that the market was going down; that he had knowledge by cable of the quality and price of the merchandise; and that there was nothing unusual about the shipment.

We think appellant has established by satisfactory evidence that its petition for remission of duties should be granted, and we think

that had it not been for the mistake of fact under which the lower court and counsel for both parties acted, the judgment below would have been for appellant.

For the reasons stated, the judgment of the Customs Court is *reversed*.