**No. 50081.**—Petition 6408–R of Sandvik Saw & Tool Corp. (Ogdensburg).

OLIVER, Presiding Judge: This petition for the remission of additional duties arises out of an importation of saw sets from Canada. The exporter, Sandvik Canadian, Ltd., and the importer, Sandvik Saw & Tool Corp., are affiliated concerns, and the president of the Canadian exporter is also the president of the petitioner.

These saw sets were invoiced at $5.90 (U. S. currency) per dozen and entered at $5.40 (Canadian currency) per dozen, including the Canadian sales tax of 8 percent. They were purchased by the Canadian exporter from the manufacturer located at Levis, Province of Quebec, Canada, at $5 per dozen (Canadian currency) and were shipped to the exporter's place of business in Montreal where they were die stamped "Made in Canada" and then forwarded to the importer in New York through a customs broker at Malone. The consular invoice contains

a statement that the market value or the "current price (home consumption or export) per unit" was $5.40, sales tax included. They were appraised on the basis of foreign market value at $6.60 (Canadian currency) per dozen, plus a sales tax of 8 percent. There was no appeal for reappraisement.

The record discloses that the Canadian exporter purchased identical saw sets from this manufacturer and resold them at wholesale in the Canadian market at $6.60 per dozen, Canadian currency, plus 8 percent sales tax. The manager of the petitioner, who had charge of the American corporation's affairs, testified that he had no knowledge of what the Canadian market was. However, the president of the exporting concern was in a position to know and is charged with knowledge of the market value in Canada for this merchandise, and his so knowing, through his capacity as president of the importing concern, imputes knowledge to this petitioner.

The testimony of an investigator of the Treasury Department establishes that the Canadian manufacturer who made these saw sets sold them to the exporter at $5 per dozen and sold them to other Canadian companies at $6.50 per dozen, plus tax. It seems that this exporter was the only purchaser as far as this investigation disclosed to whom these articles were sold at $5 per dozen.

In order to meet the burden of establishing the right to refund of additional duties under section 489, Tariff Act of 1930, it is not sufficient that the petitioner merely discloses a lack of knowledge of the true value, but a duty rests upon him to inform himself as to the correctness of his value and to disclose all information in his possession. We think the facts and circumstances in this case were such as to put the petitioner on inquiry as to whether the purchase price paid by the manufacturer, plus the Canadian sales tax, as set forth on the entry, was the correct value. *R. W. Gresham* v. *United States*, 27 C. C. P. A. 106, C. A. D. 70; *National Silk Spinning Co., Inc.* v. *United States*, 28 C. C. P. A. 24, C. A. D. 119; *Vietor & Achelis* v. *United States*, 14 Ct. Cust. Appls. 13, T. D. 41529.

Upon the entire record, we are of the opinion that the petitioner herein has failed to meet the requirements of the statute by satisfactory proof.

The petition is therefore denied.

Judgment will be rendered accordingly.