BEFORE THE SECOND DIVISION, APRIL 2, 1953

**No. 57249.**—Denlinger's *v.* United States, petition 6853–R (Baltimore).

Opinion by RAO, J.   It appeared from the record that petitioner, although nominally a partnership, is, in fact, a one-man business, owned and operated by Milo G. Denlinger, who testified herein.   The petitioner had negotiated with a British publishing house for the exclusive rights to sell in the United States an edition of 500 copies of a work entitled "Tropical Aquariums," agreeing to pay the seller 4s. 9d. per copy, f. o. b. London, inclusive of royalty.   When petitioner received the commercial and consular invoices, he noted from the latter the shipper's statement of home market value as 6s. 3d., and as there was no mention between the parties of a list price for British sales, or a discount therefrom, he assumed "that the list was approximately higher than the 6/3 pence so that the discount brought it down to the 6/3 and therefore we cleared the shipment on that basis."   Cross-examination brought out the fact that the witness relied exclusively upon the invoice statements in making the entry but that he had no reason to doubt the correctness of the figures he there found, as he did not know the British list price.   Asked whether the paper cover of the book showed a list price of 12s. 6d., he said that it did, but that he did not recall having that information before him when he made the entry.   The court stated that the difference in duty occasioned by the difference between the appraised value of 12s. 6d., less 33⅓ percent discount (8s. 4d.), and the entered value of 6s. 3d., which was a total of 5 percent on 2 shillings, 1 pence, was so slight that there would not have been

any reason for him not to divulge the information if he had had it. The court held that it would seem that there was no existing fact or circumstance surrounding the importation or its entry which might have been calculated to put a reasonably prudent person upon inquiry concerning the reliability of the entered value, citing *Glendenning, McLeish & Co. (Inc.)* v. *United States*, 13 Ct. Cust. Appls. 387, T. D. 41320. On the record presented the court was satisfied that there was no intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.