UNITED STATES *v.* PACIFIC CUSTOMS BROKERAGE COMPANY (No. 4733)[1]

United States Court of Customs and Patent Appeals, April 15, 1953

*Charles J. Wagner,* Acting Assistant Attorney General (*Mollie Strum* and *William J. Vitale,* special attorneys, of counsel), for the United States.
*Hubert S. Pierce* for appellee.

[Oral argument February 11, 1953, by Miss Strum; submitted on brief by appellee]

Before GARRETT, Chief Judge, and O'CONNELL, WORLEY, COLE, and JACKSON (retired), Associate Judges

JACKSON, Judge, delivered the opinion of the court:

The Government has appealed from a judgment of the United States Customs Court, Second Division, pursuant to its decision, Abstract 56348, granting a petition of appellee for the remission of additional duties under the provisions of section 489 of the Tariff Act of 1930 levied by reason of undervaluation on entry of an importation from Canada of live chinchillas.

The appellee is a company of customs brokers and was the nominal consignee. The member acting for the firm at no time had any business relations with the ultimate consignee, a brother-in-law of the shipper, and it appears in the record that, curiously enough, the representative of the brokerage firm acted only as the agent or representative of the shipper.

The proceeding was instituted by the filing of a petition for remission of additional duties by the authorized agent of appellee. That agent was the individual who made the entry of the imported merchandise.

In the petition it is set out that appellee acting as nominal consignee made entry at the customs house situated in the Town of Richford, Franklin County, Vermont, on the 14th day of December, 1948, of six purebred chinchillas, three male and three female, imported by one Eugene Desjardin and which were shipped by the Yamaska Chinchilla Ranch Registered of Cowansville, Quebec, which company was the seller of the merchandise.

On December 12, 1948, the proprietor of the said chinchilla ranch informed appellee that he was shipping the said chinchillas by automobile and that the export value of four of the animals was $350 each and two were $300 each. In the shipment were also three baby chinchillas valued at $100 each. The last three named chinchillas were not involved in the petition and are of no concern here. The petitioner stated that the proprietor of the ranch desired him to make the invoice and entry so as to clear the shipment at the customs house and the entry was made valuing the chinchillas at the prices above mentioned. It appears that the exporter agreed to pay and did pay customs duties, brokerage fees, and transportation charges on the imported animals. Subsequent to the entry, and while the collector's appeal for reappraisement, hereinafter noted, was pending, the seller of the animals was interviewed by an agent of the United States Treasury Department at his said place of business in Quebec and he freely opened up to the agent his books showing all sales of chinchillas and also gave to the agent all details concerning the sale of the animals covered by the entry. The Treasury Agent informed the exporter that the value of the importation for duty purposes would be the price at which such animals were freely offered for sale in Canada and not what the ultimate return would be to the exporter from the sale of the chinchillas in the United States.

It is further set out in the petition that at the time of entry the exporter honestly believed that the value he gave to the broker was a proper and fair valuation; that he was ignorant of the regulations and method of valuation in use by the United States customs of such merchandise; and that his failure to use the proper customs rule was due to ignorance and not to any intent to defraud the United States in revenue and without intent to conceal or misrepresent any facts or to deceive the customs appraiser.

The petitioner stated that in making the entry he knew of no other value than that given him by the seller and that appellee had no interest in the merchandise except that of acting as nominal consignee. The petitioner then went on to state further that every reasonable effort was made by the exporter and the broker before entry to ascertain the correctness of the value set out in the invoice.

At the trial which was held at St. Albans, Vermont, the broker, a member of the firm of appellee, testified. During the course of his testimony he stated that he made inquiry concerning the free entry of the chinchillas as purebred animals for breeding purposes under paragraph 1606 and stated that he was advised at that time they could be so entered. The witness knew the ultimate consignee although he had not been aware at the time of the entry that he was a brother-in-law of the actual shipper. It appears that the only information concerning the value of the importation was received from the shipper and no information concerning the purchase price was sought from the real importer.

It appears that the importation was appraised as entered but the collector being dissatisfied filed an appeal for reappraisement. When the reappraisement case came up for trial the witness representing appellee and the defendant in that case through their attorney agreed to the values which were asked by the collector, namely $900 per pair. *United States* v. *Pacific Customs Brokerage Co.*, 24 Cust. Ct. 498, Reap. Dec. 7766. No attempt was made by appellee to amend the entry prior to the appraisement.

One of the owners of the exporting company, seller of the merchandise, stated that he had been advised that the chinchillas could be admitted into the United States duty free and at the time the animals were entered with the expectation of being free of duty he gave the undervaluation hereinbefore mentioned. He stated the sum of $2500 in American money plus $400 in Canadian money was the amount he received for the entire importation. The witness stated that the amount of American money was of interest because in his opinion the Canadian Foreign Exchange Board requires a strict account of such currency.

The trial court in its decision properly stated that the intentions of the shipper as principal are ascribable to the agent. The opinion then went on to state that both principal and agent honestly believed that the chinchillas imported for breeding purposes could be entered free of duty under the provisions of paragraph 1606 of the Tariff Act of 1930, and based on that thought, the court stated it was satisfied that the entry at a less value than that returned upon final appraisement was without any intention to defraud revenues of the United States or to conceal or misrepresent facts of the case or to deceive the appraiser with respect to the value of the merchandise and therefore decided the petition should be granted.

We cannot agree with the conclusion reached by the trial court. Clearly under the statute it is incumbent upon a petitioner to prove by satisfactory evidence that when making entry there was no intention to defraud the revenue, conceal or misrepresent facts or deceive the appraiser with respect to the correct value of imported merchan-

dise. If, therefore, the record, as it does here, discloses that a reasonably prudent person in the same situation would make further inquiry but fails to do so, the burden of proof has not been sustained. *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls. 301, T. D. 41220; *Glendenning, McLeish & Co. (Inc.)* v. *United States*, 13 Ct. Cust. Appls. 387, T. D. 41320; *Finsilver, Still & Moss* v. *United States*, 13 Ct. Cust. Appls. 332, T. D. 41250.

In our opinion proof is lacking which would ordinarily satisfy an unprejudiced mind.

There can be no question but that the principal had a personal knowledge of the true purchase price as also had the ultimate consignee, Mr. Desjardin. It would seem to us to be a reckless disregard for truth when the shipper and exporter gave to the broker a false valuation. Ignorance of the law, of course, is not to be considered. It seems to us to have been the duty of the broker to have consulted with the ultimate consignee. If he had done so and the consignee told the truth he would have been in possession of the true value.

It will not do to rely upon lack of knowledge of the law. Under section 481 (a) (5) of the Tariff Act of 1930, all invoices must set out the purchase price of every item in the currency of the purchase if the merchandise is shipped in pursuance of a purchase or agreement to purchase. That statute certainly makes no exception with respect to the contents of the invoice whether or not the goods are to be admitted free of duty or are dutiable.

We find nothing in the entire record which could absolve the entry of the goods at wrong values when the correct prices were known by the principal for whom the broker acted. It is clear to us that appellee has failed to meet his statutory burden of proof and the judgment of the United States Customs Court should be and is *reversed*.

JACKSON, J., retired, recalled to participate herein in place of JOHNSON, J.