## BEFORE THE FIRST DIVISION, AUGUST 26, 1953

**No. 57472.**—David L. Wilkoff Co., Inc. v. United States, petition 6887–R (Tampa).

OLIVER, Chief Judge: This is a petition filed under the provisions of section 489 of the Tariff Act of 1930 for the remission of additional duties imposed by reason of the appraised value having exceeded the value stated on entry of certain wire rods exported from Paris, France, and entered at the port of Jacksonville, Fla.

Wire rods such as those covered by the shipment in question are subject to duty under paragraph 315 of the Tariff Act of 1930, as amended, at a specific rate dependent on the value of the merchandise. The rate schedule for such wire rods is set forth in the said amended paragraph as follows:

Valued at not over 2½ cents per pound_____ ⅛¢ per lb.
Valued at over 2½ but not over 4 cents per pound_____ 0.15¢ per lb.
Valued at over 4 cents per pound_____ 0.3¢ per lb.

In this case, the invoice value, equivalent to 2.2 cents per pound, was stated on entry, but the duty paid by petitioner was at the rate provided for wire rods valued at over 2½ but not over 4 cents per pound. In other words, petitioner paid duty on the merchandise at the rate of 0.15 cent per pound, although the invoice value made the articles dutiable at only ⅛ cent per pound. Payment at the higher rate was based on information received by petitioner to the effect that, at the time of exportation, the merchandise had advanced in value over its purchase price given on the invoice used on entry. The amount of duty paid by petitioner on entry was accepted by customs officials as correct, but additional duties were imposed under the provision of section 489, reading as follows:

If the final appraised value of any article of imported merchandise which is subject to an ad valorem rate of duty or to a duty based upon or regulated in any manner by the value thereof shall exceed the entered value, there shall be levied, collected, and paid, in addition to the duties imposed by law on such merchandise, an additional duty of 1 per centum of the total final appraised value thereof for each 1 per centum that such final appraised value exceeds the value declared in the entry.

Seeking remission of the additional duties assessed herein, petitioner invokes that part of section 489 stating as follows:

* * * Such additional duties shall not be construed to be penal and shall not be remitted nor payment thereof in any way avoided, except * * * in any case upon the finding of the United States Customs Court, upon a petition * * * supported by satisfactory evidence under such rules as the court may prescribe, that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

Petitioner introduced the oral testimony of three witnesses and offered documentary evidence. The uncontradicted proof supports the following facts.

The merchandise in question was manufactured in France. It was purchased by petitioner in June 1950 at the price of $55.50 per thousand kilos, f. o. b. Antwerp (equivalent to 2.2 cents per pound f. o. b. mill). Shipment was made in December, 6 months after purchase. Between the date of purchase and the date of shipment, the market for these wire rods was a fluctuating one. Petitioner, recognizing the condition, advised its representative in Paris, France, to keep its New York office informed about the correct prices for this commodity. Prior to the purchase of the present merchandise, petitioner, in its effort to insure entry of the merchandise at the correct value, instructed the foreign manufacturer concerning requirements for showing the proper value (petitioner's exhibit 6).

When the shipment in question arrived, petitioner, knowing of the increased market value for these wire rods—although without definite knowledge as to the exact price, except that it was not over 4 cents per pound—advised its customs broker in New York that entry should be made under amended paragraph 315, *supra*, at the rate applicable to wire rods valued at over 2½ cents per pound but not over 4 cents per pound. The broker in New York forwarded that information

to his correspondent, or broker, in Jacksonville, Fla., where the entry in question was made at the value stated on the invoice (equivalent to 2.2 cents per pound), but with payment of duty at the rate of 0.15 cent per pound which is applicable to wire rods valued at over 2½ cents per pound but not over 4 cents per pound.

After the entry was made, the appraiser at New York requested petitioner to "ascertain the exact value for this particular shipment at the time of shipment." · Petitioner obtained the information and sent to the appraiser at New York the cable received from the foreign manufacturer, showing that the price for these wire rods was $93 per thousand kilos, f. o. b. Antwerp, which included the deductible item of freight; the f. o. b. mill price being below 4 cents per pound (petitioner's exhibit 5).

The testimony of the customs examiner in New York, who contacted petitioner in connection with the matter under consideration, lends much support to petitioner's position herein. The customs examiner corroborated testimony of petitioner's traffic manager to the effect that he received the original cable sent by the manufacturer in France and stated that the merchandise had a value of "$93.00 less inland charges, which would bring it under the four cent category" (equivalent to 3.9 cents per pound). The customs examiner testified that he forwarded the information to the customs officials at Jacksonville, the port of entry, and that the appraiser at that port, in his appraisement of the present merchandise, adopted the figures furnished by petitioner. The customs examiner further testified that he had officially examined "very many" of petitioner's previous importations of wire rods and that throughout all of the experience petitioner was always cooperative in supplying information and never withheld anything.

It is well established that, in petitions arising under section 489, each case presents a set of facts peculiar to itself, and that the disposition of an individual petition, like the one before us, rests with the facts and circumstances surrounding the entry under consideration. *Glendenning, McLeish & Co. (Inc.)* v. *United States,* 13 Ct. Cust. Appls. 387, T. D. 41320.

The record before us is sufficient to show that, at the time of entry of the wire rods in question, petitioner made clear the amount of duty assessable, which amount was actually paid and accepted as correct by the collector, and that, throughout the entire period involved herein, petitioner made every effort to enter its merchandise at the proper value, being cooperative with the customs officials to supply any information desired.

From an examination of the record and a consideration of the facts in this case, we are satisfied that the entry of the merchandise in question in the manner followed by petitioner was without any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise.

The petition is therefore granted and judgment will be rendered accordingly.