**No. 60080.**—Morris Gold and Universal Foreign Service Company *v.* United States, petition 7195–R (Los Angeles).

EKWALL, Judge: Petitioners herein seek remission of additional duty assessed on certain lipstick containers and compacts imported from Italy, upon which the final appraised value exceeded the value declared on entry. From the testimony adduced on behalf of the petitioners, it appears that the importer and his wife on a visit to Italy dropped into a silver shop in Florence and purchased these articles to bring back to the United States to be given to friends. The shopkeeper offered to ship them for the importer. Apparently, because in the case of the lipstick containers the importer bought 21, he was given a slight reduction from the asking price of the shopkeeper. The witness, the wife of the importer, testified that the values, as entered, were those paid to the shopkeeper. The importer had no knowledge as to the market value or the value in Italy for this type of merchandise other than the prices paid. On cross-examination, the witness reiterated that the prices at which entry was made were the prices paid and that she knew of no other prices.

As in all cases of this character, the principal question is the good faith and intention of the petitioner in entering his merchandise. *Union Food Products Co.* v. *United States,* 13 Ct. Cust. Appls. 343, T. D. 41253. If an importer has no information and knows of nothing that would raise a doubt in the mind of a reasonable and prudent man as to the correctness of the market value of purchased goods as stated by him, then the price paid for them in the ordinary course of business may be accepted by him as their true market value. *Lee & Co.* v. *United States,* 13 Ct. Cust. Appls. 269, T. D. 41205.

The issue in remission cases is not whether the record affirmatively shows that the petitioner entered the merchandise in bad faith, but whether he has met his

burden of proving that, in making the entry, such good faith was exercised as is required by the statute.

While it is the duty of an importer to inform himself as to the correctness of his representations as to the value of his merchandise and a showing of indifference to its proper value does not meet the requirements of satisfactory proof under the statute, the essence of the action is good faith. Here, the merchandise was purchased at a retail shop as gifts for relatives and friends upon the return of the importer and his wife and was forwarded to this country by the seller. It is true that entry was made by a customs broker, apparently without instructions from the importer as to the values. However, the testimony shows, without contradiction, that the entered prices were the actual purchase prices of the merchandise. In the case of *Vietor & Achelis* v. *United States*, 14 Ct. Cust. Appls. 13, T. D. 41529, the court stated:

The purchase price of goods is some evidence of their market value, and importer may rely on the price paid by him as the market value of promptly shipped merchandise in the absence of any fact or circumstance which would put a reasonably prudent man upon inquiry as to whether the price actually paid was not less than the market value.

However, the record discloses that there was an advance of more than 100 per centum over the entered value. That being so, there was a presumption of fraud, and the burden of proof was on the petitioners to rebut the same. (Tariff Act of 1930, section 489.)

The issue in cases of this character is good faith, and lack of knowledge of the true value of merchandise cannot be accepted as a reason for the remission of additional duties. *United States* v. *Dorf & Co. of Pa., Inc.*, 36 C. C. P. A. (Customs) 29, C. A. D. 392.

Each case of remission must be determined upon the record presented.

In the case of *Gresham* v. *United States*, 27 C. C. P. A. (Customs) 106, C. A. D. 70, at 111, the court used the following language:

It is not enough in a case of this character for a petitioner, under circumstances like those at bar, to disclose a lack of knowledge of the true value of the merchandise in order to meet his burden and make satisfactory proof in the proceeding authorized by the statute involved. *Lowe Co.* v. *United States*, 15 Ct. Cust. Appls. 418, T. D. 42590. We have said that one law cannot be made for the ignorant and another for those who are versed in the law. *Schrikker* v. *United States*, 13 Ct. Cust. Appls. 562; T. D. 41433, in which *Barlow* v. *United States*, 7 Pet. 404, is cited. Moreover, it is clear that Congress by the enactment of said section 489 and its predecessor did not intend to suggest that there was a changed attitude toward the wholesome effect of the additional duty provision in protecting the revenues, nor did it intend to provide an easy means for the circumvention of the statute. *Finsilver, Still & Moss* v. *United States*, 13 Ct. Cust. Appls. 332, T. D. 41250.

It has frequently been pointed out that the entrant of merchandise owes a duty to inform himself as to the correctness of his representations as to the value of his merchandise and that a showing of indifference to its proper value does not meet the requirements of satisfactory proof under the statute.

In the instant case, the record discloses that the undervaluation exceeded 100 per centum, in which case the statute requires that the importer shall overcome the presumption of fraud which the statute declares arises from an undervaluation of more than 100 per centum. It is also noted that the Bureau of Customs authorized remission of the forfeiture provided the importer pay the sum of $75.48, in addition to any duty that might be due, and that such sum was paid.

While it is true that the merchandise here involved was not imported for resale, according to the record, nevertheless, in view of the 100 per centum undervaluation, it is the opinion of the court and we so hold that the importer has not brought

himself within the decisions setting forth the requirements of proof necessary to support the petition. The petition is, therefore, denied.

DISSENTING OPINION

DONLON, Judge: As my colleagues point out, the essence of the issue in this case is good faith of the petitioners in entering the imported merchandise at invoiced values. The record shows that this was a casual purchase by a tourist of a small number of novelties for personal use, that is, gifts to friends, and that the merchandise was not imported for commercial purposes. The entry was made at actual purchase price, which was also invoice price.

It is true that lack of knowledge of the true value of merchandise, in the absence of other evidence of good faith, cannot be the basis for remission of additional duties. In *United States* v. *H. S. Dorf & Co. of Pa., Inc.*, 36 C. C. P. A. (Customs) 29, C. A. D. 392, cited in the majority opinion, the appellee was "an experienced customhouse broker of many years standing," as our appeals court stated. There is in this record sufficient evidence of good faith, in my opinion, to support the relief sought.

Moreover, the Customs Simplification Act of 1953 repealer of section 489 had become effective before this entry was liquidated. While it appears that the date of entry, rather than the date of liquidation, controls so far as additional duty under old section 489 is concerned, the confusion between the law in effect on the entry date and the change in law before liquidation date is not to be ignored on the issue of good faith, in the case of a tourist importer.

In my opinion, the petition should prevail.