LINEN THREAD CO. *v*. UNITED STATES (No. 2530) [1]

REMISSION OF ADDITIONAL DUTIES—SUFFICIENCY OF EVIDENCE.

Appellant sent twine abroad to be made into netting. When the netting was imported, he entered it on the invoice, supposing that the invoice included the value of the twine. It did not, but plainly stated the facts. His petition for remission of additional duty for undervaluation, under section 489, Tariff Act of 1922, should have been granted, since, though he may have been careless, that there was a fraudulent intent was clearly negatived.

[1] T. D. 41322

United States Court of Customs Appeals, January 18, 1926

APPEAL from Board of United States General Appraisers, Abstract 48380

[Reversed.]

*Sharretts, Coe & Hillis (Edward P. Sharretts* of counsel) for appellant.
*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence* and *Reuben Wilson,* special attorneys, of counsel), for the United States.

[Oral argument October 26, 1925, by Mr. Sharretts and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

The Linen Thread Co. received an order for the making of a particular kind of netting, but found that it was unable to fill the order for the reason that it had shipped to W. & J. Knox (Ltd.), Kilbirnie, Scotland, the machine required for the manufacture of that special class of goods. The Linen Thread Co. therefore sent the order and the twine, suitable for the manufacture of the netting, to W. & J. Knox (Ltd.), with instructions to make the goods according to order. W. & J. Knox (Ltd.) complied with those instructions and made up the netting, and shipped it to the Linen Thread Co. As the Linen Thread Co. charged W. & J. Knox (Ltd.) with the value of the twine, the importer supposed that the net would be invoiced at a sum which covered the price of the twine and the cost of weaving it. The netting was invoiced by W. & J. Knox (Ltd.) to the Linen Thread Co. (Ltd.) at 125 pounds 18 shillings and 11 pence, in which was included 117 pounds 11 shillings and 9 pence, cost of weaving less commissions, 1 pound 10 shillings for containers, 6 pounds 4 shillings and 8 pence for freight, and 12 shillings and 6 pence for consul's fee.

The price of the twine used in the manufacture of the nets was not mentioned in the invoice, which expressly stated that only the value of the weaving was included in the cost of making the netting. In fact the only dutiable items invoiced were the cost of weaving and the price of the containers in which the goods were packed for shipment to the United States. The shipper, however, certified on the face of the invoice that the nets were woven from twine supplied to the manufacturer by the Linen Thread Co. (Ltd.), of New York.

It was the duty of the chief of the accounting department of the Linen Thread Co. (Ltd.) to examine the invoice, but as it came late to his desk and he was "rushed" when it arrived, he sent it without examination to the broker for entry.

The broker entered the goods at 125 pounds 18 shillings and 11 pence, less nondutiable charges amounting to 7 pounds 3 shillings and 2 pence. Two days after the entry was made, the appraiser's

office notified the manager of the net department of the importing company that there was something wrong with the invoice. The manager went at once to the appraiser's office and was there told that the invoice did not include the value of the twine. An examination of the invoice satisfied the manager that the value of the twine had not been stated. He frankly admitted that the value of twine had been overlooked and furnished to the appraisers a copy of the invoice which was sent by his company to W. & J. Knox (Ltd.). The invoice value of the twine was thereupon added to the invoice value of the importation, which according to the report of the appraiser was thereby advanced more than 100 per centum. The outcome of that advance was the imposition of additional duties, from which the importer sought relief by applying to the board for the finding authorized by section 489.

Upon the hearing of the petition and upon evidence establishing *without contradiction* the foregoing facts, the board found, first, that the invoice contained an untrue statement inasmuch as it stated that "the market value of these goods at date of exportation is as stated in total amount column;" second, that there was not a scintilla of evidence to indicate that the invoice value of the nets had been checked up for the purpose of comparing it with the foreign market; third, that no effort whatever was made to ascertain the correct foreign market value of the merchandise; and, fourth, that there was an utter lack of diligence on the part of the importer. On those findings the board denied the petition and the importer appealed.

The first finding is without evidence to support it and was undoubtedly based on a statement contained in an invoice the correctness of which is not involved or questioned in this proceeding. The entry covered three invoices and the board, having taken up for consideration the wrong invoice, quite naturally came to the conclusion that the defendant stated a value which was not only untrue, but which he had no good reason to believe to be correct.

An unexplained misstatement of prices in an invoice or a statement of values which an importer has no good reason to believe to be correct or which a prudent careful business man would not vouch for without further investigation, might well be regarded as at least misleading, if not a misrepresentation of fact. The invoice here under consideration, however, set out nothing more than the cost of weaving, the value of the cases, the consul fees, and the sum expended for freight and charges. There was no misstatement as to any of those items and in so far as this record discloses, the amount charged to each item was absolutely correct. The invoice clearly disclosed that the value of the twine used in making the nets *was not included* as part of the value of the merchandise and that the nets were woven

from twine made in the United States and supplied to the manufacturer by the Linen Thread Co. of New York. The invoice told the appraiser the cost of weaving, the amount of the dutiable and nondutiable charges, and all that was required to enable him to make a proper appraisement and a proper report to the collector was the value of the twine used in making the netting.

The fact that on reading the invoice the appraiser discovered that the value of the twine had been omitted is certainly substantial evidence that the invoice was not prepared to mislead or deceive him. In our opinion no intention to deceive can reasonably be attributed either to the shipper or to the importer. The importer and the customs broker may have been careless, negligent, or lacking in diligence and for such delinquencies the goods might be subjected to additional duties if the statute so provided. The statute does not so provide, however, and mere carelessness, negligence, or want of diligence on the part of the importer, coupled with no fact or circumstances which shows or reasonably tends to show that there was an intention on his part to defraud the revenue or to conceal or misrepresent the facts or to deceive the appraiser as to the value of the merchandise, does not justify the conclusion that such an intention existed. Certainly, it can not be presumed that the importer in this case had any ulterior purpose in presenting to the customs officials an invoice which did not include the value of the material used in the manufacture of the goods and manifestly disclosed that omission to the appraiser.

The judgment of the board is *reversed.*