P. Pastene & Co. (Inc.) *v.* United States (No. 3598)[1]

[1] T. D. 46392.

United States Court of Customs and Patent Appeals, April 17, 1933

*Brooks & Brooks* (*Frederick W. Brooks, jr.*, and *Ernest F. A. Place* of counsel) for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*William Whynman*, special attorney, of counsel), for the United States.

[Oral argument April 3, 1933, by Mr. Place and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from an order of the United States Customs Court denying a motion for a rehearing, and from a judgment of said court denying the petition of appellant for the remission of additional duties, pursuant to section 489 of the Tariff Act of 1922. The applicable provisions of said section read as follows:

> SEC. 489. * * *. Such additional duties shall not be construed to be penal and shall not be remitted nor payment thereof in any way avoided, except in the case of a manifest clerical error, upon the order of the Secretary of the Treasury, or in any case upon the finding of the Board of General Appraisers, upon a petition filed and supported by satisfactory evidence under such rules as the board may prescribe, that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. * * *

The merchandise upon which the duties were paid consists of certain cheese exported from Italy on April 30, 1930, and entered at the port of New York on May 12, 1930. The cheese is described in the consular invoice as "Pecorino Sardo Cheese—Seconda," and the purchase price stated in said invoice was 10.25 lire per kilo. The merchandise was entered at 10.50 lire per kilo. On June 13, 1930, the appraiser advanced the entered value to 12 lire per kilo. The importer appealed to reappraisement, and the appraised value was affirmed by the trial judge sitting in reappraisement; no appeal was taken from the decision of the single judge.

Appellant duly filed its petition for remission of duties, and after trial the court rendered the following decision:

> This petition, praying for the remission of additional duties incurred by reason of undervaluation on entry of certain merchandise, was filed under the provisions of section 489 of the Tariff Act of 1922.

An examination of the record presented fails to satisfy us that the entry of the merchandise involved at a value less than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition is therefore denied.

Upon the trial in the court below, one Charles A. Tosi, a witness in behalf of appellant, testified that he was vice president and New York manager of appellant, and had been connected with that concern for 32 years; that the business of appellant was the importing of Italian food products, including cheese, and that he had personally been handling imported cheese for the firm for 22 years; that he personally examined the cheese here involved, which arrived in New York on May 12, 1930; that it was purchased by appellant from the Societa Anon. H. N. Maffei, an Italian corporation, and that the price of 10.25 lire per kilo was paid therefor; that the words "Pecorino Sardo Cheese" constitute the trade name for the cheese in question, and the word "Seconda" means that it was a second quality of such cheese.

Said witness testified in substance that while said cheese was purchased at 10.25 lire per kilo, it was entered at 10.50 lire per kilo because a previous importation of the same kind of cheese on April 1, 1930, purchased at 10.25 lire per kilo, had been entered at 10.50 lire per kilo with the approval of the appraiser; that the quality of the cheese in the shipment here involved was inferior to that of the said previous shipment of April 1; he testified further that he made the entry of the cheese here in question for appellant, and at that time he knew of the market conditions during the month of April, 1930. His testimony upon this point is as follows:

Q. How did you know of the market conditions during the month of April, 1930?—A. I am in daily contact with brokers who come in to offer me cheese for other houses; I have cables from our jobber in Naples giving us prices; the Italian Chamber of Commerce publishes a bulletin every two weeks giving the market prices—and according to those prices, there was no change during that period.

Q. That is, during the month of April?—A. During the month of April.

Q. 1930?—A. 1930.

Q. And did you know that at the time you made this entry?—A. I did.

It appears that the appraiser advanced the entered value of said cheese, 10.50 lire per kilo, to 12 lire per kilo, but before such action was taken an opportunity was afforded appellant to amend its entry accordingly. The witness Tosi testified that appellant declined to amend the entry, but before such decision was reached he showed the cheese in question to two disinterested importing merchants and asked their opinion as to the quality and value of said cheese; that he finally sold the cheese as third quality cheese, it having been purchased and invoiced as second quality cheese.

The witness Tosi further testified that he appealed from the appraisal of 12 lire per kilo and conducted the case personally, without the employment of counsel. Upon reappraisement, as hereinbefore observed, the appraised value of 12 lire per kilo was affirmed and the appellant took no appeal.

Louis Scaramelli, a witness for appellant, testified that he had been engaged in the importation of Italian food products for 30 years, and for 25 years had been importing Pecorino Sardo cheese; that in May, 1930, the witness Tosi showed him some of said cheese at his (Tosi's) place of business; that it was a very poor second quality and that he thought its foreign value was about 900 lire per hundred kilos.

The only witness on behalf of the Government was one Robert Cryan, an examiner of customs at the port of New York, who examined the cheese here in question. He testified that he recalled an importation of the same kind of cheese by F. Romeo & Co., purchased April 12, 1930, exported April 28, 1930, which was invoiced at 12 lire per kilo.

It is our opinion that the testimony establishes that appellant entered the merchandise involved at a value less than that returned upon final appraisement in good faith, without any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise.

There is nothing in the record to indicate any lack of credibility upon the part of the witnesses for appellant. The witness Tosi testified, as hereinbefore stated, that at the time of making the entry he was in possession of cables from appellant's jobber in Naples giving prices of cheese, and of bulletins published every two weeks by the Italian Chamber of Commerce giving the market prices of cheese, and that, according to those sources of information, there was no change in the market prices of cheese during the month of April, 1930; and that he knew these facts at the time he made the entry here involved.

In the cross-examination of the witness Tosi by counsel for the Government no questions were asked with regard to said testimony, and there is nothing in any testimony or the conduct of said witness appearing in the record to indicate that he was not stating the truth.

The decision of the court below states that it is based upon "an examination of the record presented," from which we assume that the lower court was of the opinion that, granting that the testimony of appellant's witnesses was true, it was not sufficient to entitle appellant to relief under the provisions of said section 489. In view of the fact that there is nothing in the record to indicate any lack of credibility on the part of appellant's witnesses, and the further fact

that appellant's representative Tosi, after being given an opportunity to amend the entry, declined to do so, but appealed to reappraisement, it is our opinion that he was acting in good faith and as a prudent man would act in the same circumstances in making the entry involved.

The fact that the merchandise was finally appraised at an advance over the entered value is not conclusive of lack of good faith. An importer, after making diligent inquiry concerning the foreign value of imported merchandise, may innocently make an entry of the same at less than its real value. If he is honest and diligent in attempting to determine the correct value for the purpose of making entry, he should not be denied the benefits of said section 489 solely because the value thus found is less than the real value.

In remission cases the importer is not the insurer of the correctness of the value of his goods; neither is he held to the strict rule that he must positively know their value. *Finsilver, Still & Moss* v. *United States*, 13 Ct. Cust. Appls. 332, T. D. 41250.

In the case of *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, T. D. 41453, in speaking of what a petitioner in a case of this character must show to entitle him to relief the court said:

> * * * Summarized, these adjudged cases announce certain fundamental facts which the petitioner must establish if he is to obtain relief: First, He must show that in undervaluing his goods he was acting in entire good faith; second, that there were no facts or circumstances known to the petitioner when he made his entry which would cause a prudent and reasonable person to question the correctness of the values given by him; third, that he has made to the collector, in making his entry, a full and candid disclosure of all the material facts in his possession bearing upon the value of the merchandise imported.

We think the uncontradicted testimony in the record established all of the fundamental facts set forth in the above quotation required to be established by a petitioner in order to secure relief under said section 489. Had the lower court based its decision upon lack of credibility of appellant's witnesses, based upon the observance of their demeanor when testifying, we might come to a different conclusion; but we reiterate that, upon the record before us, we find nothing to indicate any lack of credibility upon the part of appellant's witnesses and, as before stated, it affirmatively appears that the decision of the court below was based upon the evidence presented, as shown in the record.

For the reasons stated, the judgment of the United States Customs Court is *reversed*, and the cause is *remanded* for further proceedings not inconsistent herewith.