**No. 44374.**—Petition 5785–R of Henry Wiesenfeld, "Little Joe" Wiesenfeld Co. (Baltimore).

KINCHELOE, Judge: This is a petition filed under the provisions of section 489 of the Tariff Act of 1930 for the remission of additional duties imposed by the collector of customs at the port of Baltimore, Md., on a certain importation of saddle soap from England, which was entered at said port at less than the final appraised value.

The case was previously decided by the First Division of this court, Abstract 42058, and it appears before us again at this time after a rehearing was granted upon motion of counsel for the petitioner.

Briefly the facts are as follows: Petitioner instructed its customs brokers to make entry of the instant merchandise in accordance with the usual practice followed in making previous entries of similar merchandise. At the time of the entry in question the member of the brokerage firm who usually handled such matters was away from the office, so this particular entry was taken by another member of said firm to the appraiser's stores for the purpose of making inquiry of the examiner concerning the proper dutiable value of the merchandise. However, when he called, the broker found that the examiner was not available, so he returned to his office and the broker's clerk, believing that the entry had been properly checked by the examiner, sent it to the customhouse where entry was made at the invoice value.

In denying this petition after the first trial thereof the First Division, speaking through Judge McClelland, said:

It nowhere appears in the record that the merchandise covered by previous entries was the same as the merchandise covered by this petition, nor that the invoice or entered value was the same, or what the additions were that were made on entry, or what the final appraised values were on previous entries, or how, if at all, the merchandise involved in the petition compared with the merchandise covered by the other entries mentioned.

No explanation is made in the record as to why George Masson, whose business it was to attend to the entries of the petitioning company, was not called to testify in support of the petition.

At the hearing pursuant to the order of the court granting a rehearing of the instant case, petitioner introduced the testimony of the said George Masson, referred to in the above-quoted portion of the original decision. Said witness testified that he is a member of the firm of William Masson & Sons, customs brokers that made entry of the instant merchandise; that it is his duty to make all entries of imported merchandise; and that at the time of the entry in question he was at home ill. The witness further testified that he had previously made many entries for the petitioner of similar merchandise from the same exporter in England; that he has been consistently advised by the importer that the latter had no information as to the market value of such merchandise; and that it was his uniform practice to go to the examiner who supplied him with the necessary information as to the dutiable value, which he always accepted, and made entry accordingly.

Petitioner also called as a witness at the second trial the clerk employed in the broker's office, who inadvertently sent the entry to the customhouse before the examiner had been consulted. Said clerk testified that she found the invoice on the desk and "assuming that the invoice and everything on it was all right and it was ready to go to the customhouse, I put it with the rest of the entries in the basket that was to go to the customhouse."

The United States customs examiner at the port of entry, who passes on the class of merchandise covered by the importation in question, was also called as a witness on behalf of the petitioner. He testified that he has been an examiner of

merchandise at the port of Baltimore for the past 15 years; that throughout said period he has had official dealings with the petitioner herein and with all of the members of the customs brokerage firm that made entry of the instant merchandise. Said witness further testified that he has always found that "they acted squarely with the Government"; and that, in his opinion "There was a total absence of fraud" in the entry of the merchandise under consideration.

Counsel for respondent moved to strike out the testimony of said United States customs examiner and cited as authority for his motion the case of *United States* v. *Stauff*, 25 C. C. P. A. 215, T. D. 49306. The decision of the court in that case referred to the duty of appraising officials to supply information to an importer concerning the market value of imported merchandise, and the effect on importers where such information is given or is not available. In our judgment the cited case has no bearing on the question whether the examiner's testimony in the instant case is admissible for the purposes of this case.

In the case of *Syndicate Trading Co.* v. *United States* (13 Ct. Cust. Appls. 409, T. D. 41339), which involved a petition for the remission of additional duties arising under the Tariff Act of 1922, and which presented an issue similar to that involved herein, the examiner was also called as a witness in support of the petitioner. Said witness' testimony in that case was substantially the same as that of the examiner who testified herein. Weighing the competency of the testimony of the examiner in said case, the court, in its decision, said: "There is no testimony, fact, or inference that tends to show that the examiner was not correct in his conclusion that neither misrepresentation nor concealment was practiced, nor fraud attempted. Who could know better than he concerning these matters?" With equal propriety, that language is applicable here.

The said motion of counsel for respondent is therefore denied and an exception to said ruling is allowed said counsel.

It seems clear from the record before us that the entry of the merchandise in question at a value less than its final appraised value was due to an inadvertence in the usual procedure followed in the office of the customs brokers when making entries of saddle soap from England for the petitioner. It is true that the brokers may have been careless or lacking in diligence in their action in this matter but such delinquencies alone are not grounds for denying relief under the provisions of section 489 of the Tariff Act. *Linen Thread Co.* v. *United States* (13 Ct. Cust. Appls. 395, T. D. 41322).

We have carefully considered this entire record and it is our judgment that the entry of the merchandise in question at a value which proved to be lower than the final appraised value was made without any intention on the part of petitioner to defraud the revenue of the United States, or to conceal or misrepresent the facts, or to deceive the appraiser as to the value of the merchandise.

The petition is therefore granted. Judgment will be rendered accordingly.