**No. 47306.**—Petition 6209–R of Mandel Brothers, Inc. (Chicago).

Opinion by KEEFE, J. The export manager of the petitioning company testified that he had personally made the entry at the invoice price in view of the fact that the shipper had stated at the bottom of the certified invoice that the market price at the time of shipment was the same as the invoice value; that in making entry he had overlooked the fact that a new price list on camphorwood chests had been previously received showing that prices for future delivery had been advanced over the invoice prices; and that in entering the merchandise at the invoice value he had no intention to defraud the revenue of the United States or to deceive the appraiser as to the value. It appeared that the examiner had requested that he supply additional information and upon looking in his files he found this price list which was submitted to the Government officials. The examiner testified, on behalf of the petitioner, that he talked with the export manager several days after he had examined the merchandise and asked him for additional information, and that a few days later the price list was submitted to him; that at the time the price list was submitted he himself had no information as to the value, but that subsequently he received from the Customs Information Exchange information indicating that the values were slightly higher than the entered values, and that the price list which had been presented to him became the basis of his appraised values. He also testified that the import manager willingly gave him all information that he could secure. The export manager also testified that he had filed a reappraisement appeal but upon advice of counsel had abandoned it, and that so far as he could recall he had made no attempt to amend the entry prior to appraisement. It is contended by the petitioner that even though the export manager was careless his conduct in the matter is inconsistent with any attempt to defraud the United States or to deceive the customs officials, citing Abstract 45169 and *Linen Thread Co.* v. *United States* (13 Ct. Cust. Appls. 395, T. D. 41322). The Government contends that the petitioner has failed to establish his good faith in making entry but that he acted without intent to defraud, and cited several cases From a consideration of the evidence and the exhibits the court was of the opinion that although the export manager was careless, he was without intention to defraud the United States or to deceive the appraiser as to the value of the merchandise, and that the court did not believe the statute should be so construed as to penalize an honest importer who willingly informed the appraiser that his entered value was too low even though such information was the result of a request from such customs official. It was held that the cases cited by the petitioner seem to be directly in point in the controversy herein. On the record presented the petition was granted.