**No. 48250.**—Protests 795033–G, etc., of Indo Persian Fine Art Co. (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel that the mufflers in question are similar to those involved in Abstract 45938 the claim at 60 percent under paragraph 1209 was sustained.

BEFORE THE FIRST DIVISION, MAY 5, 1943

**No. 48251.**—Protests 999977–G, etc., of Eitinger Bead Co., Inc. (New York).

Opinion by OLIVER, P. J. Certain of the merchandise stipulated to be beads similar to those the subject of Abstract 47818 was held dutiable at 25 percent under paragraph 1503, as modified by the Czechoslovakian Trade Agreement (T. D. 49458). Other of the beads in question, stipulated to be similar to those involved in Abstract 47821 were held dutiable at 45 percent under paragraph 1503; and others, similar to those the subject of Abstract 47816, were held dutiable at 25 percent under paragraph 1503 and said trade agreement (T. D. 49458). Protests sustained as to those items.

**No. 48252.**—Protest 97104–K of Strauss-Eckardt Co. (New York).

Opinion by OLIVER, P. J. In accordance with stipulation of counsel that the harmonicas and mouth organs in question are similar to those involved in Abstract 47083, the claim at 40 percent under paragraph 1541 was sustained.

**No. 48253.**—Petition 6179–R of S. Hata Shoten, Ltd. (Honolulu, T. H.).

Opinion by WALKER, J. The record consisted of a deposition of a clerk in Honolulu employed to make entries for the American Customs Brokerage Co., who made the entry in question as agents for the petitioner. It appeared that certain new instructions had been given as to the method of making entries and that the invoice in question was one of the first ones to be executed thereafter; that certain information was buried in the description of the merchandise appearing on the invoice, and that had he noticed it he would have made the necessary increase in the entered value. The court was of the opinion that the record disclosed a clear case of inadvertence or carelessness in entering, and negatives any implication of intention to defraud the United States of any of its lawful duties. The petition was therefore granted, following *United States* v. *Fish* (268 U. S. 607). *Ittmann* v. *United States* (T. D. 49481) and *Freedman* v. *United States* (6 Cust. Ct. 354, C. D. 494) distinguished.