BEFORE THE THIRD DIVISION, JULY 29, 1943

**No. 48606.**—Petition 6280–R of Young's Market Co. (Los Angeles).

Opinion by CLINE, J. It appeared that the bottles in question were entered at the invoice value and were so appraised but that after appraisement it was discovered that certain packing charges which appeared on another portion of the invoice had not been considered at the time of entry and appraisement. The collector filed an appeal and the value of the merchandise was advanced by the addition of the packing charges. The traffic manager of the importing firm testified he was familiar with the shipment, that he passed the papers over to the customs broker to make the entry, and had no reason to believe that the valuation of the merchandise included packing or that it was different from that shown on the invoice. He further testified that the merchandise was entered according to instructions given to the customs broker. The only other witness was the party who made the entry as customs broker, and he stated, among other things, that his failure to include the packing charges in the entered value was due to oversight. Following *Linen Thread Co.* v. *United States* (13 Ct. Cust. Appls. 395, T. D. 41322) the petition was granted.

**No. 48607.**—Petition 6243–R of Calif-Asia Co., Ltd. (Los Angeles).

Opinion by CLINE, J. The president of the importing firm testified that it was the practice of his firm to submit all foreign invoices to the appraiser so that he could keep in touch with the market valuations of the particular style of furniture, that at the time of this importation the market in the Orient was fluctuating and, further, that he had no intention to defraud the Government or deceive the appraiser. On cross-examination he testified he did not make out the entry as he was president of the firm; that his firm manufactured the goods in the Orient and exported them, and that he continually gave the appraiser a copy of the market prices. The next witness, the appraiser, testified on behalf of the petitioner that he had no information that the petitioner attempted to deceive him and that the petitioner furnished him with price lists on merchandise of the kind herein involved coming from Hong Kong. On the record the court found that the petitioner acted without intention to misrepresent the facts or to defraud the revenue of the United States. The petition was granted.

**No. 48608.**—Protests 74745–K, etc., of Columbia Co. et al. (San Francisco).

Opinion by EKWALL, J. It was stipulated that the merchandise is the same in all material respects as that the subject of *Wing Duck Co.* v. *United States* (6 Cust. Ct. 133, C. D. 446). In accordance therewith it was found that the internal revenue tax was improperly assessed. The protests were sustained to that extent.