BEFORE THE THIRD DIVISION, APRIL 21, 1944

**No. 49374.**—Petition 6298–R of Adamo Co. (Los Angeles).

Opinion by CLINE, J.   It appeared from the testimony of the witness for the petitioner that he purchased the sheepskins in question at $3.10 each and that

they were so invoiced; that after entry was made he received a cablegram informing him that *future shipments* would be $3.25 each. It was not shown from whom this cablegram was received but the cablegram was submitted by him to the appraiser, at which time the witness requested permission to amend the entry, but this permission was denied because the invoice had not been submitted to the appraiser before entry. It further appeared that the witness furnished the appraiser with the information upon which merchandise was appraised and, further, that it was. his practice to submit to the appraiser all offers or cablegrams received in connection with importations of skins.

On cross-examination the witness testified that he had had a discussion with the examiner in respect to the shipment and that he might have told the examiner that the higher value was due to a better selection of the skins, as there is no standard of quality, and that he might also have told the examiner that the difference in price might have been due to the season of the year, but that he had no way of telling what the average standard of a certain shipment was until he received it. A review of the evidence showed that there were different qualities of such skins, depending upon the season of the year, the best skins being selected right after the slaughtering season, the average quality of the later selections being lower, but that it was impossible to ascertain the .quality of any one shipment until the skins are examined. The court was of the opinion that a fair construction of the ˙ testimony indicated that the petitioner assumed that the quality of the skins covered by an offer from the Federation of Iceland Cooperative Societies on July 1, 1941, at $3.25 each, delivered c. i. f. New York, was different from that purchased previously from Samband Isl. Samvinnufelaga, who was the exporter in the present case.

On the record presented it appeared that the actions of the petitioner in the present case tend to establish his honesty and good faith and that the record contained satisfactory evidence showing that the petitioner acted without intention to misrepresent the facts, to defraud the revenue of the United States, or to deceive the appraiser as to the value of the goods in making entry of the merchandise. The petition was therefore granted. *United States* v. *Fish* (268 U. S. 607), *Linen Thread Co.* v. *United States* (13 Ct. Cust. Appls. 395, T. D. 41322), *Pastene* v. *United States* (21 C.C.P.A. 69, T. D. 46932), and Abstract 48411 cited.

EKWALL, J., dissented on the ground that it was brought out by Government counsel on cross-examination that the importer was in receipt of a letter dated July 1, 1941, in which the said Federation of Iceland Cooperative Societies offered him tanned white woolskins at $3.25 each, less 1 percent cash discount, delivered c. i. f. New York. The entry herein was filed September 2, 1941, and the court was therefore of the opinion that the importer was put on inquiry as to the value upon which entry of these skins should have been made, and further, that the importer's recollection of events connected with the importation as disclosed by his answers to the cross-interrogatories appeared to be vague and indefinite, except when the questions were repeated and he was required to give a definite answer. The writer found the evidence to be unsatisfactory and insufficient under the requirements of satisfactory proof as set forth in *Wolf* v. *United States* (13 Ct. Cust. Appls. 589, T. D. 41453) and *Finsilver* v. *United States* (id. 332, T. D. 41250).