**No. 51122.**—Petition 6435–R of E. J. Stanton & Son (Los Angeles).

EKWALL, Judge: This is a petition for remission of additional duty filed under authority of section 489, Tariff Act of 1930. The merchandise consists of mahogany lumber imported from Nicaragua. It was entered free of duty under paragraph 1803 of the Tariff Act of 1930, but subject to the imposition of internal revenue taxes at the rate of $1.50 per thousand board feet under Internal Revenue Code 3425 (a). The customs officials found the lumber to be of a type subject to ad valorem duty at the rate of 7½ percent ad valorem under paragraph 404, Tariff Act of 1930, as modified by the trade agreement with Mexico (T. D. 50797), and 3,452 feet thereof were appraised at $90 per 1,000 feet instead of $60 per 1,000 board feet, as entered. By reason of this undervaluation additional duty was assessed.

From the evidence, consisting of the testimony of the traffic and office manager of the owner of the lumber, together with a report of a customs agent at the port of entry, it is apparent that the owner instructed his customs broker to enter this lumber free of duty as it was his understanding that it was lumber sawn and planed on one side. Inasmuch as it was purchased as being planed on one side, he considered it free of duty under the Tariff Act of 1930 the same as earlier shipments and gave no instructions to the customs broker as to the price to be used on entry. This firm had an understanding with the shipper that the purchases should consist of sawn mahogany with one side planed, and the owner's representative was not careful as to the value for he considered such merchandise free of duty.

While this indicates carelessness on the part of the broker and importer, the report of the customs agent introduced in evidence by Government counsel states it to be the belief of said customs agent that there was no intention on the part of anyone connected with the importation to conceal or to misrepresent the dutiable value of the merchandise.

Our appellate court has held, in substance, that carelessness in entering merchandise at a lower value than that found on final appraisement is not in itself sufficient to justify the court in denying a petition for the remission of additional duties incurred by reason of such undervaluation. (See *United States* v. *Fish*, 268 U. S. 607; *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls. 395, T. D. 41322.)

We find upon this record that the entry of the merchandise in this case was without intent to deceive or to defraud the Government or its officials. The petition is therefore granted.

Judgment will be rendered accordingly.

**No. 51123.**—Petition 6502–R of Herley & Kelley (Los Angeles).

Opinion by EKWALL, J. The testimony disclosed that prior to entry the importer and his customs broker discussed the value of these casings with the customs officials, particularly as to whether a 2 percent sales tax was part of the dutiable value, and thereafter the importer entered at a sum which did not include this tax. From the testimony and an examination of the record it was held that the entry of the merchandise was made without any intent to defraud the revenue of the United States or to conceal or to misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.