No. 51929.—Abraham & Straus, Inc. v. United States, petition 6583–R (New York).

EKWALL, Judge: This is a petition for the remission of additional duty assessed under authority of section 489, Tariff Act of 1930. The merchandise consists of silver compacts imported from Canada. They were entered at $2.25 and $3 each plus an addition to make market value of an 8 percent sales tax. They were appraised as entered. However, upon receipt of information received subsequent to appraisement the collector appealed from the appraiser's finding of value and the case was submitted upon a stipulation of counsel agreeing upon values of $4.15 and $5.50 Canadian dollars, less 2 percent discount, packed, taxes included.

The buyer of this class of merchandise for the importing firm testified that to the best of her recollection the invoice prices represented the prices paid for the

goods and that she had no knowledge of any other prices nor was there any further discussion at any time of any other price; that the entry for customs purposes was not handled by her but was taken care of by another department.

A representative of the customs brokerage firm that made entry in this case testified that in all cases invoices of this petitioner are submitted to the appraiser for information as to values, that all copies of orders are filed with the appraiser, and that the appraiser is notified of any changes in prices. In this particular case, he received no information from the appraiser as to any other values than those set forth in the invoice and entry. On cross-examination the attention of the witness was directed to certain notations on the invoice and he was interrogated as to whether these notations were not sufficient to put him on notice to make inquiries from the importer as to the foreign value of this merchandise. The witness was unable to recall whether his firm had written the shipper to obtain further information. The notation to which this witness' attention was specially directed is stamped on a so-called "submitted sheet" which we understand was submitted to the appraiser with a request for the latest information as to value of this merchandise. This notation reads:

Ascertain from shipper the foreign or export value.

This witness was unable to recall whether any information had been received from the shipper in this particular instance, his testimony being mostly confined to describing the usual procedure of his firm—in fact, he admitted that he may not have attended to handling this entry and did not recall whether or not he had taken up the matter of the value of these compacts with the importer.

The Government examiner of this class of merchandise testified that the Government received no further information from either the broker or the importer as to the value of this merchandise; that subsequent to entry the Government received information that there might be a higher foreign value for these compacts which had been entered on the basis of export value. Upon receipt of this information, the collector filed an appeal for reappraisement, which was submitted for decision upon a stipulation of counsel agreeing to the higher values.

It is true that we are not here concerned with the question of the proper value of the compacts for customs purposes, but with the good faith of the importer in making entry as he did. However, in this connection the language used by the court in the case of *Kachurin Drug Co.* v. *United States*, 26 C. C. P. A. (Customs) 356, C. A. D. 41, is applicable here. We quote as follows:

\* \* \* It is not a question as to whether the record affirmatively shows that appellant entered the goods in bad faith, but the question is whether or not it has met its burden of proving to the trial court that in making the entries such good faith was exercised as is required by the statute.

The record is lacking in satisfactory proof that there was any attempt to comply with the direction to ascertain from the shipper the foreign or export value of the instant merchandise. We find upon the evidence that the petitioner has failed to meet its statutory burden.

The petition is therefore denied and judgment will be rendered accordingly.