BEFORE THE THIRD DIVISION, NOVEMBER 6, 1947

No. 52013.—Railway Express Agency, Inc. *v.* United States, petition 6563-R (Tampa).

CLINE, Judge:  This is a petition for remission of additional duties filed under the authority of section 489, Tariff Act of 1930.

The merchandise consisted of cigars imported from Cuba on October 2, 1944.  The goods were entered at the invoice prices and were appraised as entered by the acting appraiser at West Palm Beach, Fla.  The collector filed an appeal for reappraisement under the provisions of section 501, Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, and the merchandise was reappraised at higher values pursuant to a stipulation of the parties.  *United States* v. *Railway Express Agency, Inc.*, 16 Cust. Ct. 339, Reap. Dec. 6267.

The only witness at the trial was Ben F. Worrell, an employee of the petitioner.  His testimony is somewhat confused, but may be summarized as follows:  That at the time the entry was filed it was his duty to inspect invoices and com-

pare them with previous prices or price lists that were on file in his office and, if there were any discrepancies, to correct them to bring the value of the merchandise up to the market values; that any price lists received from the shippers were posted on a price list which was kept as an office record; that in the instant case he checked the prices contained in the invoice against an office record compiled from price lists of the shipper, findings by the appraiser, and other information; that the office record used in the instant case included a price list dated January 1, 1944; that he had received a price list dated September 1944 shortly after the first part of September but that it had been mislaid; that it had been placed on his desk in a file for price lists; that he did not find it until shortly after March 5, 1945, that he had used the figures of January 1944 in the instant case because he had failed to post the price list of September 1944 onto his office listing; that it was overlooked due to the press of business and the error was not discovered until a notice of appeal for reappraisement was received. He further testified:

Q. Will you tell the court why the office price records were not properly posted?—A. At the time that entry was made we were handling a very large volume of traffic, an average of four to 500 shipments on every vessel, and in transmitting the price lists back to my desk they got misfiled temporarily, or rather, were filed temporarily, and in the heat of work the price list was overlooked; and it wasn't until a later date that we found our error, which was at the time of notice of reappraisement.

\*    \*    \*    \*    \*    \*    \*

By Judge CLINE:

Q. Did you have personal knowledge of this condition?—A. I had; the price lists, your Honor, were delivered to me for the purpose of posting to our listing that we kept in our office, and I had misplaced it or rather, put it in abeyance, to be handled after the pressure of business that was on hand at that particular moment, and either forgot it or neglected to keep it, get it into the price list into our records, and it wasn't brought to my—I didn't recall the fact until the time that we were called for reappraisement on this particular shipment.

There was offered and received in evidence a request for information sheet that had been submitted to the appraiser prior to entry. (Petitioner's exhibit 1.) In the column marked "Appraiser's Information" the deputy collector and acting appraiser wrote "None 10/2/44 E. C. F." Mr. Worrell stated that this came back to him but that he made no effort to determine if the prices to be entered were correct; that he believed the prices on his price record were correct; that he did not misplace the current price lists to deceive the appraiser; that he did not intend to defraud the Government.

When this case was called for trial, petitioner was not represented by an attorney but appeared by its general agent. Subsequently, a notice of appearance was filed on behalf of the petitioner by James V. Lione, Esq., and, by permission of this court, a reply brief to respondent's brief was filed on behalf of the petitioner.

The issue in remission cases is whether the importer intended "to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise." In the instant case the petitioner had actually received a new price list from the shipper prior to entry. It was on the employee's desk at the time entry was made but was not consulted. However, the evidence indicates that this happened because of a rush of business and not through any deliberate attempt to defraud.

It has been held that "mere carelessness, negligence, or want of diligence on the part of the importer, coupled with no fact or circumstances which shows or reasonably tends to show that there was an intention on his part to defraud the revenue or conceal or misrepresent the facts or to deceive the appraiser as to the value of the merchandise, does not justify the conclusion that such an intention existed." *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls. 395, 398, T. D. 41322.

In *S. Hata Shoten, Ltd.* v. *United States*, 10 Cust. Ct. 449, Abstract 48253, it appeared that certain information was buried in the description of the merchandise appearing on the invoice and that the clerk would have increased the entered value had he noticed the information. It was held that this was a clear case of inadvertence or carelessness in entering and the petition was granted. The instant case appears to be a similar situation.

On the record herein, we find that the petitioner, in making the entry in this case, acted without intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition is granted. Judgment will be rendered accordingly.