**No. 52747.**—Abraham & Straus, Inc. v. United States, petition 6583–R (New York).

EKWALL, Judge: This is a petition for remission of additional duties filed under authority of section 489, Tariff Act of 1930. It is before us on rehearing, having been originally decided and reported in 19 Cust. Ct. 142, Abstract 51929. The merchandise involved consists of silver compacts from Canada, which were entered at values of $2.25 and $3 each, to which was added an 8 per centum sales tax to make market value. The appraiser found the value to be as entered. Upon receipt of information received subsequent to appraisement by the Government officials, an appeal was taken by the collector from the appraiser's finding of value. This appeal was submitted to the court, sitting in reappraisement, upon a stipulation of counsel that certain higher values were applicable to the merchandise.

In our original decision, we denied the petition for remission upon a finding that the evidence was insufficient to support the petition. On rehearing, the petitioner introduced the testimony of two additional witnesses, one the agent in this country for the Dorel Jewelry Co., the manufacturer and shipper of the goods, and the other the manager of the foreign division of the importing corporation.

The first witness testified that he represented the Dorel Jewelry Co. of Canada and that he made the sale of these articles to the department store, the petitioner herein; that he sold from samples which were sent to him from said Dorel Jewelry Co. and that he sold them at the export price. He further testified that he had no knowledge as to any other prices at which said company or its subsidiaries were distributing this same kind of merchandise in Canada and that he did not advise the petitioner as to any other prices.

The manager of the accounts payable department of the petitioner, which department includes the foreign division, testified that all of the customs clearance of imports for said petitioner is handled in his department; that said department entered into correspondence with the exporting company with a view to obtaining information as to the price at which the goods must be sold in order to make a profit; that the Dorel Jewelry Co., in answer to correspondence, informed the petitioner as to a change in price on August 13, 1946, several months after appraisement.

It is noted that while this information was not received by the petitioner until some months subsequent to the appraisement of these goods, the record shows that the Government officials did not receive any information indicating higher prices until after the appraisement had been made. As stated in our original decision, the importer, the petitioner herein, was notified by the appraiser to ascertain from the shipper the foreign or export value. This notification appears on the so-called "submitted sheet" which is a form submitted to the appraiser with a request for the latest information as to value of the merchandise. It appears that this submittal sheet was dated only 1 day prior to the date entry was made. The Government contends that the petitioner failed to meet the burden of proof in that it failed to make every attempt to comply with the direction of the appraiser to ascertain from the shipper the value of the merchandise.

It is the opinion of the court and we so hold that the petitioner, by the introduction of additional testimony, has proven that in making entry there was no lack of good faith nor any attempt to defraud the Government or deceive its officials. While there may have been carelessness or negligence on the part of this petitioner in that the information called for by the appraiser was not obtained until a considerable time had elapsed, mere carelessness and negligence are not sufficient ground upon which to deny a petition. See *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls. 395, T. D. 41322; *Syndicate Trading Co.* v. *United States*, id. 409, T. D. 41339; *United States* v. *Fish*, 268 U. S. 607.

We therefore find that the petition should be and the same is hereby granted. Judgment will be rendered accordingly.