BEFORE THE THIRD DIVISION, MAY 22, 1950

**No. 54342.**—William Irwin Starkstein *v.* United States, petition 6539–R (Laredo).

EKWALL, Judge:   This is a petition for remission of additional duties assessed on an importation of brooms from Mexico imported at the port of Brownsville, Tex.   The additional duties were assessed because of the fact that the final appraised value exceeded the value declared on entry.   (Section 489, Tariff Act of 1930.)   At the hearing the petitioner testified that he purchased the merchandise here involved; that while in Brownsville, he consulted the appraiser of merchandise at that port prior to making entry; that entry was made at the purchase price of the brooms; and that the appraiser informed him that such value might be correct or that appraisement might be made at a higher figure.   The place of residence of petitioner was in Detroit, Mich., and he requested the appraiser to notify him in that city if any information was obtained as to a higher value for the brooms.   Petitioner remained in Brownsville for about 2 or 3 weeks and then left for Detroit.   He received no word from the appraiser of an increase in value and after about a week in Detroit he left for Chicago.   His stay in Chicago was interrupted by trips to St. Louis.   During this time, notice was sent to him that he might amend his entry, but because of domestic difficulties, by reason of which his mail was not forwarded, he failed to receive the notice.   He testified further that he notified his customs broker to amend the entry, but due to lapse of time and the fact that he was traveling and his mail was not forwarded, the amendment was too late.

From the testimony of this witness it developed that the letter of the appraiser dated May 30, 1945 (exhibit 6), stating the value arrived at by the customs officials was received by him on June 13, 1945. Said letter also informed him that appraisement would be withheld for a period not to exceed 20 days from date thereof in order that he might be given time to amend his entry if he so desired. Upon receipt of this letter, he communicated with his broker by letter and received a reply from said broker dated June 18, which did not reach petitioner until July 16. Petitioner signed the amendment contained in the broker's letter, and the amendment, together with a check for the supplemental duty, was sent to the broker, who replied on July 23, returning the check and stating that the 20-day period from May 30 had expired. Petitioner further testified that at about the time he was supposed to pay additional duties he obtained a box at the post office and had his mail forwarded there.

It is unfortunate that due to circumstances outlined above the petitioner did not act in time to save himself the imposition of the additional duties, as his testimony was that he was willing to pay the amount due on the appraised value of the goods, although he considered his entered value to be correct. It appears that he was unfamiliar with customs practices in connection with the valuation and entry of imported merchandise, and although ignorance of the law is no excuse, his consultation with the customs officials and his acceptance of their advice that he employ a customs broker indicate that he intended to cooperate with the Government. He testified that he made inquiry in Mexico as to the value of these brooms and that he had no intention of defrauding the customs or deceiving customs officials.

The issue in petition cases is the good faith of the petitioner. It cannot be said that petitioner was careless or negligent in this case. And even if the court should consider that the record indicated carelessness, mere carelessness or negligence is not sufficient to defeat a petition where it is shown that the importer acted in good faith and did not attempt to defraud the revenue of the United States. *Abraham & Straus, Inc.* v. *United States,* 21 Cust. Ct. 259, Abstract 52747.

We find that petitioner herein was unfortunate in that, due to circumstances existing at the time, his mail was delayed, and he was prevented from making timely amendment to his entry which would have saved him from assessment of these additional duties. Had he been more familiar with importations, he undoubtedly would have instructed the customs officials to communicate with his customs broker rather than with him.

On the record before us, and giving full consideration to the circumstances existing at the time, we are satisfied that the petitioner is entitled to the relief sought.

The petition is therefore granted.