BEFORE THE SECOND DIVISION, MAY 3, 1951

No. 55517.—Norman G. Jensen, Inc. *v.* United States, petitions 6748–R and 6749–R (Pembina).

FORD, Judge: The two petitions listed above were filed under the provisions of section 489 of the Tariff Act of 1930 and seek remission of additional duties incurred by reason of undervaluation of certain merchandise on entry.

The merchandise consists of grain screenings which were imported by petitioner herein from the Robin Hood Flour Mills, Ltd., located at Moose Jaw, Saskatchewan, Canada, and entered at the port of Portal, N. Dak. The record shows that the merchandise was entered at a value of $14.67 per ton, and was appraised at a value of $17.16 per ton. Petitioner's witness testified that in making the entry at $14.67 per ton, he did so in the belief that the value shown on the invoices represented the proper dutiable value and that this was in accordance with his usual practice at the time; that he based the value upon the most recent invoice received; that he knew of no other value at that time, but was aware of a fluctuating market for this merchandise; that he had no reason to believe that the involved entries needed to be amended because he felt that the correct export value was shown by the most recent invoice he had received.

The witness further testified that the difference between the entered value and the appraised value was due to the fluctuation of the market for these screenings between the date the invoices were prepared and the day the cars crossed the border; that in making these entries he did not intend to defraud the revenue of the United States or deceive the appraiser as to the value of the merchandise or to conceal or misrepresent any of the facts of the case, and that he had given the Government all of the information which he had in connection with these transactions.

On cross-examination, the witness stated that he had had a prior similar situation where the appraised value was increased and penalties were assessed on screenings because of fluctuating market conditions; that he did not write to Robin Hood Flour Mills, Ltd., and ask them what the value was at or about the date of these shipments because he believed that the value at which entry was made was the correct value. The witness frankly admitted that he knew there was a fluctuating market, but stated that he had no reason to believe that the latest invoice received did not reflect the correct value at which to make entry.

On redirect examination the witness testified that these screenings come through the port of Portal any time of the day or night; that these cars do not remain at the border until entry is made, but there is immediate delivery release; that within 48 hours of the time the invoice and bill of lading are filed, entry has to be made;

and that 48 hours do not give him enough time to make inquiries from Canada as to any possible changes in value.

The respondent offered the testimony of the appraiser of merchandise at the port of Portal, N. Dak., from which it appears that the appraiser had suggested to the petitioner herein that he write to the exporter every week or so and secure a price list to cover the importation of screenings during the past week or two; that an importer or broker has 48 hours after delivery to make entry and that is not sufficient time to determine market value; that it takes the appraiser from 3 to 6 weeks to determine value so that he may appraise these screenings from Canada. The witness further testified as follows:

X Q. Do you think that the petitioner here, Norman G. Jensen, Inc., withheld any information from you in these cases?—A. No, sir.

X Q. Do you think they intended to defraud the revenue of the United States?—A. No, sir.

X Q. Or to deceive you?—A. No, sir.

X Q. Or do you think they intended to conceal or misrepresent the facts?—A. No, I would say they did not try to conceal anything.

* * * * * * *

R. Q. You don't think they exercised due diligence in this case to ascertain the value?—A. No, sir, I don't think they did.

In *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls. 395, T. D. 41322, our appellate court said:

* * * The importer and the customs broker may have been careless, negligent, or lacking in diligence and for such delinquencies the goods might be subjected to additional duties if the statute so provided. The statute does not so provide, however, and mere carelessness, negligence, or want of diligence on the part of the importer, coupled with no fact or circumstances which shows or reasonably tends to show that there was an intention on his part to defraud the revenue or to conceal or misrepresent the facts or to deceive the appraiser as to the value of the merchandise, does not justify the conclusion that such an intention existed. * * *

Again, in *Syndicate Trading Co.* v. *United States*, 13 Ct. Cust. Appls. 409, T. D. 41339, our appellate court held:

We have recently in effect held, in cases of this character, that if the importer exercises what is, under the circumstances of the case, absolute good faith in making his entry, and fully and candidly discloses all the material facts bearing upon the value of the merchandise, he is entitled to a remission of additional duties. *Hauptman* v. *United States*, 13 Ct. Cust. Appls. 295; T. D. 41218; *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls. 301; T. D. 41220; *Klein, Messner Co.* v. *United States*, 13 Ct. Cust. Appls. 273; T. D. 41212.

In *United States* v. *Fish*, 268 U. S. 607, with reference to the facts in that case, the Supreme Court stated:

* * * At the hearing before the Board the only witness was the importer, who testified that when he bought he got quotations by cable, that the market changed rapidly, sometimes as much as 50 per cent., that he had been importing for two years and that this was the first instance in which there had been an advance in value by the appraiser; that he gave the broker the invoice and told him to make the entry, and that in so doing he did not intend to deceive the appraiser. This was all the evidence. * * *

In disposing of that case on its merits, the Supreme Court said:

Upon the merits of the case, we think the Court of Customs Appeals was right and that the finding of the Board of General Appraisers did not respond to the requirement of the statute. The issue to be found by the Board was whether the importer showed by his evidence that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The issue presented to the Board was, "Has the importer sustained the negative in this regard?" Merely to find that the importer was careless is not a finding sufficient to justify the Board in deciding whether there should be a remission. * * *

The record in this case, as hereinbefore outlined, considered in the light of the authorities cited and quoted, is sufficient upon which to base a finding that the entry of these screenings at a value less than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. Both of the aforesaid petitions are therefore granted. Judgment will be rendered accordingly.