**No. 57079.**—J. L. Hammett Company v. United States, petitions 6868–R and 6916–R (New York).

Opinion by FORD, J. It appeared from the record that the merchandise involved had been imported by petitioner from 1903 to the present time; that it was always entered at the invoice prices, less nondutiable charges; that the customs officials had never raised any question as to such value until the importations here involved; and that numerous conferences were had by the customhouse brokers and the petitioner's attorney with the customs officials prior to making the entries in an effort to ascertain the correct value at which the merchandise should be entered. A representative from each of the customhouse brokerage firms making the entries testified that a so-called submission sheet was submitted to the customs officials in the case of both entries and that they made available to said officials all papers as well as other information in their possession. Based upon all the facts disclosed by the record, it was held that there was no intent to defraud the revenue of the United States or to conceal or misrepresent the facts or to deceive the appraiser as to the value of the merchandise. The petitions were therefore granted. (*United States* v. *Fish*, 268 U. S. 607, and *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls. 395, T. D. 41322.)

BEFORE THE FIRST DIVISION, FEBRUARY 18, 1953

**No. 57080.**—Paramount Import Co., Inc. v. United States, protests 158500–K, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of pear-shaped glass articles similar in all material respects to those the subject of *Brier Manufacturing Co.* v. *United States* (39 C. C. P. A. 68, C. A. D. 465), the claim of the plaintiff was sustained.