## F. W. Woolworth Co. *v.* United States (No. 3074[1])

United States Court of Customs Appeals, May 25, 1928

*Sharretts, Coe & Hillis* (*Edward P. Sharretts* of counsel) for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*Philip Stein*, special attorney, of counsel), for the United States.

[Oral argument May 10, 1928, by Mr. Sharretts and Mr. Lawrence]

Before Graham, Presiding Judge, and Smith, Barber, Bland, and Hatfield, Associate Judges

Hatfield, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court denying a petition for remission of additional duties. The petition was filed pursuant to the provisions of section 489 of the Tariff Act of 1922, the pertinent part of which reads as follows:

Sec. 489. * * * Such additional duties shall not be construed to be penal and shall not be remitted nor payment thereof in any way avoided, except in the case of a manifest clerical error, upon the order of the Secretary of the Treasury, or in any case upon the finding of the Board of General Appraisers,

[1] T. D. 42812.

upon a petition filed and supported by satisfactory evidence under such rules as the board may prescribe, that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

It appears from the record that certain rubber balls were purchased by appellant on March 25, 1924; that they were exported from Austria on November 6, 1924, and imported into the United States at the port of Seattle; that the invoice for the merchandise was received by appellant at New York; and that a clerk in the foreign department of appellant, who had no personal knowledge on the subject, presented the invoice to the examiner at the port of New York and requested information as to the dutiable value of the merchandise. In this connection the appellant's clerk, the only witness in the case, said:

Q. What else did you do?—A. Asking whether these prices were correct, and he told me so far as he knew, he knew of no changes, and I entered as invoiced. We also noted the statement on the bottom of the invoice that the wholesale Austrian market value was in paper crowns at the time of exportation and of purchase.

Q. Did you compare that with the invoice value which was in United States dollars?—A. I did.

Q. And what did you find?—A. It figured out at less than the invoice price.

He further said that when the invoice was received appellant had no price list showing a value higher than that stated in the invoice. Thereupon, the clerk mailed the invoice to appellant's brokers, Dow & Co., at Seattle, and instructed them to enter the merchandise at the invoice value, which they did.

The appraiser returned a value higher than that declared in the entry.

The final appraised value was less than that returned by the appraiser, but higher than that declared in the entry. The merchandise was, therefore, assessed by the collector with additiona duties in accordance with the provisions of section 489.

In further explanation the witness stated that the examiner at the port of Seattle had "received a new price list which we did not have at the time, and we cabled abroad for information as to the new price list, and one month later we received a new price list which showed the export price higher than we entered it at that time"; that the shipper was instructed to keep the importer informed as to changes in the market value of the merchandise; and that importer had made no other entries of like merchandise at, or near, the time of the filing of the involved entry, although several entries for like merchandise were made during the year 1925.

Upon this record the court below held that importer had failed to prove its case by satisfactory evidence, and judgment was entered denying the petition for remission of additional duties.

It is argued here that the judgment should be reversed for two reasons; namely, first, that—

The decision below is based upon an erroneous interpretation of section 489. It denies the petition because of lack of evidence of market value although the statute requires only evidence of good faith on the part of the entrant.

and, second—

The testimony in the record proves conclusively that the entry was made in good faith.

With reference to the claim of counsel for importer that the decision of the court was based upon an erroneous interpretation of the statute, it is sufficient to say that the court concluded its opinion with the following statement concerning the evidence:

* * * In this case, for the reason that the evidence produced does not support the allegations in the application, the petition is denied.

Even if it could be said that some of the observations in the decision were not precisely relevant to the issues, the judgment entered upon the findings of the court is not, for that reason, erroneous.

The court held, and correctly so, we think, that the evidence was not such as to warrant a finding that the importer had proved its case by satisfactory evidence.

The clerk, who instructed the brokers to make the entry in accordance with the invoice price, knew nothing about the value of the merchandise. He did question the examiner at the port of New York, who had no information in regard thereto. He examined the invoice and found there a statement indicating that the "wholesale Austrian market value was in paper crowns at the time of exportation and of purchase," and that it was less than the invoice price.

The invoice was dated August 1, 1924. The merchandise was exported, according to the declaration of the shipper on the invoice, on August 5, 1924. The witness testified that it was exported on "November 6th, according to the entry." If this is true, the merchandise was exported three months after the invoice declaration was made and eight months after the date of its purchase. These facts, if they may be so denominated, were sufficient to require a reasonably prudent person to make due inquiry as to the dutiable value of the merchandise. See *Stone & Downer Co.* v. *United States*, 13 Ct. Cust. Appls. 337, T. D. 41251. This duty was not performed by making inquiry of an examiner of merchandise who had no information on the subject.

The witness stated that the shipper of the merchandise was instructed to keep importer informed as to "changes and fluctuations in the market." There is nothing in the record to indicate that the shipper had ever carried out these instructions, except the declaration on the invoice, which proved to be erroneous. The witness did not even go so far as to say that he had examined the price list in his possession before entry was made.

The importer may have acted in entire good faith. The record is such, however, that we are unable to do more than guess that this may be so.

The judgment is *affirmed*.