**No. 59337.**—Domingo Cummings *v.* United States, petition 7170–R (San Juan, P. R.).

WILSON, Judge:  This is a petition for remission of additional duties, pursuant to section 489 of the Tariff Act of 1930, which duties accrued by reason of the undervaluation on entry of certain aluminum household articles imported from Germany and entered at Mayaguez, P. R.

The merchandise was entered on November 5, 1952, in United States dollars and was appraised on March 31, 1953, on the basis of the commercial invoice in deutschemarks, at invoice unit values, less 33⅓ percent discount, plus 80 deutschemarks for packing.  Appraisement at the higher value than that made on entry resulted in the imposition of additional duties.

Mr. Cummings, the petitioner in this case, who has been a customs broker for about 30 years, testified that, prior to making entry, he made a request of the appraiser at Mayaguez, P. R., for information as to the value of the merchandise in question, and that, at such time, he filed with that official a consular invoice covering the goods, made out in United States dollars.  He further testified that 2 or 3 weeks after making entry the appraiser phoned him and inquired whether the petitioner had an invoice in deutschemarks; that, at such time, he informed the appraiser that he was going to try "to get that invoice if my customer had it" (R. 3); that he called his customer and requested him to send on such invoice, if he was in possession of it; that the same was sent to him the following day, whereupon he filed it with the appraiser.  The witness then stated that he heard nothing further on the matter until "April 1953" (R. 4), when, according to the official

records of April 3, 1953, a "notice of appraisement" was sent to him, and that, subsequently, on October 25, 1954, he received a notice from the customs of additional duties due and this latter notification was "the first I heard of my entry."

The petitioner explained, however, that, at the time the notice of appraisement was sent in April 1953, he was in the United States and absent from his office in Puerto Rico. He further testified that he had no one in his office in Puerto Rico at that time to receive communications, stating "I didn't get that notice; it was misplaced. * * * The only thing I have to say is if I had been given the chance to amend my entry perhaps these things wouldn't have happened. But, of course, really, I was given notification which I didn't get" (R. 5–7).

The petitioner herein also stated that he had no intention to defraud the United States customs and that his customers likewise had no such intention.

On cross-examination, petitioner stated that he knows he is supposed to take certain steps to ascertain the value of merchandise. He admitted, however, that he did not, at the time of entry, try to find out from the consignee of the goods whether any documents, other than the consular invoice turned over to the appraiser, were available from which the value of the merchandise under consideration could be ascertained and agreed that, if he had made inquiry of the importer at that time whether the latter had an invoice in foreign value, "I could have made my entry correct" but stated that he "overlooked" doing that (R. 8).

Affirmative evidence that the petitioner intentionally undervalued the goods is not required. The burden imposed upon a petitioner who seeks the remission of additional duties is well settled. In the case of *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, 591, T. D. 41453, the United States Court of Customs Appeals, speaking through the late presiding judge, William J. Graham, after citing a number of decisions, said:

* * * Summarized, these adjudged cases announce certain fundamental facts which the petitioner must establish if he is to obtain relief: First, He must show that in undervaluing his goods he was acting in entire good faith; second, that there were no facts or circumstances known to the petitioner when he made his entry which would cause a prudent and reasonable person to question the correctness of the values given by him; third, that he has made to the collector in making his entry, a full and candid disclosure of all the material facts in his possession bearing upon the value of the merchandise imported.

While it appears that the petitioner in this case made inquiry of the appraiser as to the value of the merchandise, that fact, standing alone, as it does in the present case, is not sufficient reason for granting relief. In *Mitsubishi Shoji Kaisha (Ltd.)* v. *United States*, 19 C. C. P. A. (Customs) 91, 94, T. D. 45227, the court stated:

In the brief of appellant there is no particular stress laid upon the fact that the customs broker conferred with the examiner relative to value before making the entry, but it is a fact proven in the case, and we assume that the testimony to the effect that some sort of opinion was expressed by the examiner about a 36-yen value is correct since it is not contradicted. Conceding this to be true, however, it is well settled that it is no part of the official duty of the examiner or the appraiser to give such information to a shipper, nor can the customs officials be bound, in determining value, by any information so given, nor can such information be relied upon to obviate the duty of the importer to ascertain and enter at the true value. *Proctor Co.* v. *United States*, 12 Ct. Cust. Appls. 535, T. D. 40735; *Vietor & Achelis* v. *United States*, 14 Ct. Cust. Appls. 13, T.·D. 41529; *Woolworth Co.* v. *United States*, 16 Ct. Cust. Appls. 188, T. D. 42812.

The *Mitsubishi* case, *supra*, was cited with approval in the case of *United States* v. *Aug. F. Stauff & Co.*, 25 C. C. P. A. (Customs) 215, T. D. 49306, and in the more recent case of *United States* v. *H. S. Dorf & Co. of Pa., Inc.*, 36 C. C. P. A. (Customs) 29, 32, C. A. D. 392.

Further, while it is true that the witness testified he had no intention to defraud the revenue of the United States, such statement *per se* does not measure up to the "satisfactory evidence" required by the statute. *United States* v. *W. J. Westerfield*, 40 C. C. P. A. (Customs) 115, C. A. D. 507. In *Finsilver, Still & Moss* v. *United States*, 13 Ct. Cust. Appls. 332, T. D. 41250, the court stated:

* * * His statement in the evidence to the effect that he did not have such intent, standing alone, without corroborating facts or circumstances, being the issue to be determined by the court, certainly is not such proof as is required. And if the evidence he submits affirmatively shows that he represented a fact to be true, to wit, a certain value of his goods at the time of shipment, and at the time having no reasonable grounds for believing his representations to be true, or if it shows that his representations were made with reckless disregard of their truthfulness, it cannot be said to corroborate his denial of intent but would have the opposite effect. Proof that a representation is made with the knowledge that reasonable inquiry might develop its untruthfulness would have the same tendency.

The situation that obtained in the *Finsilver* case, *supra*, parallels that in the case at bar and precludes, in our opinion, the granting of relief to the petitioner.

In *R. W. Gresham* v. *United States*, 27 C. C. P. A. (Customs) 106, C. A. D. 70, our appellate court stated that it was the duty of the entrant to inform himself as to the correctness of his representations relating to the value of his merchandise and that a showing of indifference as to its proper value does not meet the requirements of satisfactory proof under the statute. See also *Stone & Downer Co.* v. *United States*, 49 Treas. Dec. 665, T. D. 41488.

In the case at bar, about all that the petitioner did to ascertain the value of the merchandise was to make inquiry of the appraiser. There was no affirmative action on his part to seek information from the consignee of the merchandise or elsewhere so as to make entry of the merchandise at its correct value. As a customs broker for over 30 years, he knew of his obligation under the statute. As a matter of fact, the petitioner agreed that, if he had made inquiry of the importer at the time of entry as to there being an invoice in foreign value, he could have made entry at the correct value and that his failure to do so was due to his having "overlooked" the matter. This failure to act and the subsequent indifference on petitioner's part preclude the favorable consideration of his petition. The record establishes that, at the time petitioner received from his customer the invoice showing different prices in deutschemarks, which he filed with the appraiser, the merchandise had not been appraised. However, there is no evidence that any attempt was made to amend the entered value. Under the circumstances, the petitioner must be charged with knowledge of the contents of the invoice in deutschemarks, indicating a higher value for the goods, but he merely produced such invoice and ignored the information contained therein. There was a duty upon the petitioner to enter the merchandise at the proper value and that duty was not performed.

Upon the record here presented, we are of opinion that the petitioner herein has failed to meet the requirements of the statute by satisfactory proof.

The petition is, therefore, denied. Judgment will issue accordingly.